SARAH DELANEY *vs.* ABE SHIMELMAN.

First Judicial District, Hartford, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 9th—decided March 3d, 1930.

*James W. Carpenter*, for the appellants (defendants).

*John A. Danaher*, for the appellee (plaintiff).

HAINES, J. The plaintiff was one of six tenants of part of an apartment house on Center Street in Hartford owned by the defendants, her tenancy covering a flat on the second floor and one of six storerooms in the cellar. These storerooms were located in a row on the right side of the cellar, each having a door opening from the main cellar, the storeroom of the plaintiff being the third from the foot of the cellar stairs. The jury could reasonably have found from the evidence, that about ten o'clock on the evening of May 14th, 1926, the plaintiff and her son and daughter-in-law went from her apartment to her cellar storeroom to remove some wicker chairs, the son carrying a flashlight. There was an electric light socket in the main cellar, but on this particular evening there was no bulb in it. The main cellar had a concrete flooring and was about sixty feet long and fifteen feet wide, and having

been a tenant for several years, the plaintiff was familiar with the premises. The building was under the general charge of Mrs. Cooley, who had for many years leased the apartments, collected the rents and had general supervision. Nearly opposite the partition between the second and third storeroom and five or six feet from the door of the plaintiff's room was an opening in the concrete floor into which opened a drain pipe for clean-out purposes. This opening was about one foot in depth and twelve by eighteen inches in size and two smaller pipes ran through it, a covering for this opening being provided by a loose-fitting board. The plaintiff and her companions, upon reaching the foot of the cellar stairs and finding the cellar dark also found that their flashlight had burned out, but nevertheless went across the cellar to plaintiff's storeroom, the son lighting matches on the way. As the plaintiff's son reached the doorway of the room, the match he was using went out, but he proceeded to open the door of the room, and to avoid being hit by the door, the plaintiff stepped one side and into the opening referred to which was uncovered at that time, catching her foot in the pipes and being thrown forward onto the floor injuring her ankle and knee. The son thereupon went into the storeroom and obtained an electric light bulb which he placed and turned on in the socket in the main cellar and the plaintiff was then removed to her apartment.

The jury gave verdict for the plaintiff for $3000, and a motion to set the verdict aside being denied by the court the defendants appealed. The other assignments of error relate to portions of the charge, and the most important of the questions thus raised is whether the opening into which the plaintiff stepped was in a "common passageway," so there was imposed upon the landlord the duty defined by General Statutes, §§

2563 and 2567, which reads, so far as applicable, as follows: " 'Public hall' means a hall, corridor or passageway not within an apartment." "The owner of every tenement house shall provide for the lighting of all public halls at night." The court told the jury that "a public hall is defined by the statute as a hall, corridor or passageway not within an apartment. This common cellar evidently comes within this definition, being a passageway through which the tenants must pass to reach their several cellars," and this charge is assigned as error. Upon the assumption that this portion of the cellar was a "common passageway," the court told the jury it was the statutory duty of the defendant to light it at night. The portions of the statute which we have quoted are a part of Chapter 133 relating to tenements and lodging houses. The so-called "Tenement House Act" is Chapter 134, and to determine what the intent of the legislature was in thus requiring a light to be maintained by the landlord, we may and should refer to this Act also, since it gives the same definition of a "public hall." In § 2585 there are other and specific requirements as to "public halls." We find that "public halls upon each floor shall be provided with a window or a glazed door, opening to the street, the yard, or upon a court . . . unless the hall is within three stories from the roof. . . . All doors leading from public halls not provided with outside windows, and more than two stories below the roof, shall be provided with translucent glass of an area of not less than five square feet for each door, or with fixed transoms of translucent glass of an area of not less than five square feet over each door, or such halls shall be lighted by an equivalent amount of translucent glass connecting with a lighted room or rooms. Long and devious hallways shall have such additional provisions as may be necessary to give ade-

quate light, subject to the approval of the building inspector." Again, in § 2586, "one at least of the windows provided to light each public hall or part thereof shall be at least ten square feet in area. . . . Where the public halls upon each floor are not provided with windows opening directly to the outer air, there shall be in the roofs, directly over each stair-well, a ventilating skylight." We think it is manifest that the legislature did not intend these provisions to apply to an open cellar, but they have the same application, no more nor less, than the provision for maintaining a light at night, and if they do not apply, neither does the latter requirement. Moreover, the Act defines "public halls" and "cellar" separately—§ 2570—and we find no intent to merge the latter with the former at any point in the Act. There are separate and specific provisions as to the cellar, as that its floor shall be watertight and the ceiling plastered save where the first floor above has iron beams and fireproof filling—§ 2590—provisions entirely foreign to a hall or passageway. We cannot concur in the conclusion of the trial court that the statute—§ 2567—made it the duty of the landlord to provide for the lighting of this cellar at night, and must hold such direction to the jury to be reversible error.

One other assignment of error should be referred to. The court explained the duty of reasonable supervision of the premises by the defendant, and left it to the jury as a question of fact for them to decide from the evidence, whether the bulb and cover had been missing for such a length of time as to charge the defendant with knowledge, actual or constructive. The verdict imports a finding that the jury so held, but the evidence before them was entirely bare of any information on this point, and so the plaintiff's burden of proof was not met. Since this essential element of proof

was lacking, the plaintiff was not entitled to the verdict, and it should have been set aside by the trial court.

There is error and a new trial is ordered.

In this opinion the other judges concurred.