MYRA REYNOLDS *vs.* THE LAND MORTGAGE AND TITLE COMPANY OF HARTFORD.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

. Argued December 3d, 1931—decided March 8th, 1932.

*Robert P. Butler* and *Arthur E. Howard, Jr.,* for the appellant (defendant).

*Edward S. Pomeranz,* with whom were *S. Polk Waskowitz* and *Birdsey E. Case,* and, on the brief, *George Miske,* for the appellee (plaintiff).

HAINES, J. The plaintiff with her husband and children were tenants from month to month of the upper apartment of a two-tenement house on Preston Street in Hartford owned by the defendant. On the southwest corner of the house was an open verandah. In the middle of the south side of the verandah which was in the possession and exclusive control of' the plaintiff tenant, was a post carrying the verandah railing and extending and attached to the roof. On the outside of this post was a pulley which carried a clothes line to a tree in the yard. The roof of the verandah was of tin and around the outer edges of the roof was a tin gutter designed to drain off the water from the roof. This roof with gutter was in the exclusive possession and control of the defendant landlord, was a part of the main roof of the house and a part of the drainage system for the entire building. This gutter was designed to care for the water from the entire southwest portion of the house. On the morning of September 1st, 1930, about eleven o'clock, the plaintiff went upon the verandah to hang out a washing. While so employed and in pushing out the line with clothes upon it, the post gave way, precipitating the plaintiff to the sidewalk below, causing her serious injuries. The plaintiff claimed that the defendant was negligent in failing to repair the roof and gutter; that a hole in the latter allowed the water draining from the roof to run through onto the top of the post and down its sides, rotting it out at both ends and resulting in its collapse as stated.

The assignments of error relate to the denial of the motion to set aside the verdict, motion in arrest of judgment, and the refusal of the court to direct a verdict for the defendant; in charging and in failing to charge upon certain features of the case; in certain rulings on evidence; in refusing to strike out the

testimony of two witnesses, and in failing to correct the finding in certain particulars.

The complaint was predicated on the negligence of the defendant in permitting a defective roof drainage system to be out of repair, causing the rotting and weakening of the post which gave way precipitating the plaintiff to the ground and causing the injuries from which she suffered. By amendments the plaintiff set up another cause of action in the failure of the defendant to repair this roof after promising to do so. The plaintiff called her husband who testified, over the objection of the defendant, that a man named Delaney had, as agent of the defendant, made certain promises to repair. The record shows this second cause of action was afterward abandoned, and the court charged the jury that there was no evidence for them to consider upon this claim, but they were to consider the cause of action alleged in the complaint itself. This renders it unnecessary to make further reference to the testimony of the plaintiff's husband on this point. The plaintiff called two witnesses, Kramer and Williams, a sheet metal worker and an engineer, respectively. The former was a man of forty-five years experience in roof and tin work who was permitted to testify to conditions he found on this roof and in the gutter some months after the plaintiff's fall, and his conclusions as an expert as to the action of the elements and the results to such roof and gutter, and the cause of the condition of the gutter and of a piece of tin which he took therefrom and which was admitted in evidence. He was also allowed to testify regarding the condition and effect of this flow of water upon a post which had been substituted some time before for the one which had broken off and caused the plaintiff to fall. Williams, the engineer, described the conditions he found about two months after the

fall of the plaintiff. It appears from the record that counsel did not seriously claim that there had been a material change in conditions upon the roof prior to these examinations, but in any event, the admission of the evidence of these two witnesses was within the discretion of the court, any proper objection thereto going rather to its weight than to its admissibility. *State* v. *Leopold,* 110 Conn. 55, 66, 147 Atl. 118; *Banach* v. *Bohinski,* 107 Conn. 156, 158, 139 Atl. 688; *State* v. *Saxon,* 87 Conn. 5, 8, 86 Atl. 590; *Barry* v. *McCollom,* 81 Conn. 293, 299, 70 Atl. 1035. The specific objection to the admission of the piece of tin was not well taken. Testimony as to the fact and effect of a leakage of water upon the new post, was properly admitted. The fact and nature of the leakage was not affected by the further fact that the post had been substituted for the original one.

The defendant excepts to the statements in the charge as to the duty of the defendant to "inspect" the roof and gutter, insisting that the jury were in effect directed that the defendant was under two co-equal duties (1) to inspect and (2) to repair, and that a failure to perform either was negligence. Counsel correctly draws the distinction which we explained in *Vinci* v. *O'Neill,* 103 Conn. 647, at page 656, 131 Atl. 408: "It is often said that a landlord is bound to exercise a reasonable supervision over the portions of apartment buildings, used in common by the tenants, to see that they are in proper repair. The primary duty of the landlord is to use reasonable care to see that the premises are kept reasonably safe, and his liability can only arise out of a failure in that duty. *Reardon* v. *Shimelman,* 102 Conn. 383, 386, 128 Atl. 705. To give rise to it, however, it must appear that he either knew of a defect or was chargeable with notice of it, because, had he exercised a reasonable

inspection of the premises, he would have known of it. *Reardon* v. *Shimelman*, p. 389. In this sense only can it be truly said that the landlord is under a duty to inspect the premises, and a failure to inspect them cannot give rise in itself to a liability for injuries resulting from a defective condition." We added, however, that "evidence as to an inspection of the premises by him has its place in the case as bearing upon the issue of actual knowledge of their condition." In the present case, the defendant claimed to have had no actual knowledge of the defective condition of this roof and gutter. Ignorance of the condition is not in itself a legal excuse, and if want of actual knowledge was the result of its own negligence, knowledge will be imputed. *Lindsey* v. *Leighton*, 150 Mass. 285, 288, 22 N. E. 901; 2 Underhill, Landlord & Tenant, p. 805, § 488; 16 R. C. L. p. 1042, § 561; *Vinci* v. *O'Neill*, 103 Conn. 647, 657, 131 Atl. 407. If the defendant failed to keep the roof and gutter in reasonable repair for the reason that it did not know of the rotten condition of the gutter, and if the evidence showed that the defendant failed to make a reasonable inspection of the premises and that such inspection would have disclosed that condition, then knowledge of the condition will be imputed to him because of his failure to make that inspection. The trial court properly left it to the jury to say whether a reasonable inspection would have disclosed that condition and directed them that if it would not have disclosed it, the defendant could not be held to the duty to make such inspection. Reading the charge as a whole, we cannot say that the statements of the court as to the duty of inspection were erroneous or inadequate, and the instruction upon the duty of the defendant generally, conforms with substantial accuracy to the rulings of this court in numerous decisions. *Howard* v. *Redden,* 93

Conn. 604, 107 Atl. 509; *Cook* v. *Simon.* 98 Conn. 98, 100, 118 Atl. 634; *Pignatario* v. *Meyers,* 100 Conn. 234, 123 Atl. 263; *Stevens* v. *Yale,* 101 Conn. 683, 686, 687, 127 Atl. 283; *Vinci* v. *O'Neill,* 103 Conn. 647, 654, 131 Atl. 408; *Feeney* v. *New York Waist House,* 105 Conn. 647, 650, 136 Atl. 524; *Brandt* v. *Rakauskas,* 112 Conn. 69, 151 Atl. 315.

It is also assigned as error that the court's charge on contributory negligence was inadequate in that it limited the due care required of the plaintiff to the "circumstances which confronted" her "as she proceeded to hang out her washing on the line." The defendant contends that the jury was thus "denied the right to consider the plaintiff's past negligence in not observing the open defect in the top of the post." If the evidence showed that there was such a defect, it was existent at the time she went out to hang out the washing and was one of the circumstances referred to by the court, which the jury were told they should consider. The jury could hardly have been misled in this regard. A further exception under this head is that the attention of the jury was not directed to the circumstance that the plaintiff's husband had previously tightened this clothes line, the contention being that such action by him tended to weaken the post and was in the nature of contributory negligence and that as such it was to be imputed to the plaintiff. It is difficult to see how the jury could reasonably have inferred that the husband was guilty of negligence contributing to the plaintiff's injury even if such an act was imputable to her. The present contention falls within the class we referred to in a recent case where error was alleged in the failure of the court to give certain instructions, as to which we said, what can be truly said in this case, that "the plaintiff filed no requests to charge, and, in such a situation, it is

peculiarly true that if the charge as given is correct in law, adapted to the issues, and sufficient for the guidance of the jury, the failure to include specific instructions upon special features of the case will not be held reversible error." *Vinci* v. *O'Neill, supra,* at page 656. The same must be said of the remaining assignments, wherein the claim is made that the charge was "inadequate" and "incomplete" in several minor respects. The charge as a whole was adapted to the controlling issues of this case, a correct statement of the legal principles governing those issues and sufficient to guide the jury to a correct conclusion.

The defendant moved to set aside the verdict of the jury on the ground that it was against the evidence and the weight of evidence, was caused by sympathy and prejudice, and that the jury ignored or improperly applied the law to the facts, and the denial of this motion is the basis for the remaining assignment of error.

The extent of the legal duty of this defendant to maintain this roof and gutter, which was under its control, in reasonably safe condition, has been sufficiently defined by statements already made and by references to our decided cases. The jury could reasonably have found that the plaintiff's fall and resulting injuries were proximately caused by the giving way of the post to which the clothes line was attached; that the rotten condition of the post was the result of a discharge of water through a large hole in the gutter onto the top and down the sides of the post; that this water, from rain and melting snow, reached the gutter from the asphalt covered roof; that asphalt containing tar caused a content of sulphuric acid in the water flowing from it, which rotted the tin of the gutter, causing the hole and rendering the wood underneath, black, moss-covered and pulpy; that the

house settled and the gutter sagged at this point, and that these conditions had existed for from three to five years; that the lower porch, which was constructed the same as the one in question, had been examined by agents of the defendant, found rotten and repaired, but that the defendant never examined the roof and gutter which it was under a duty to maintain in reasonably safe condition, and that the defective conditions there could have been discovered by reasonable examination; and this examination not having been given, the defendant was chargeable with constructive notice of the conditions existing there, which should have been discovered. *Howard* v. *Redden,* 93 Conn. 604, 608, 107 Atl. 509. The defendant contends that a personal injury resulting from a dripping through a hole in the gutter and rotting of a timber, was not a result reasonably to be contemplated, citing *Stevens* v. *Yale,* 101 Conn. 683, 690, 127 Atl. 283. An examination of the opinion in that case discloses that at that point we were dealing with a breach of a covenant to repair, of which we said: "The true measure of damages for breach of the contract of lease, is such damages as would be the natural consequence of such breach within the contemplation of the parties. . . . Those injuries which the parties may fairly be held to have contemplated as a consequence of the breach when applied as a measure of damages will reach juster results in more cases than any other." The present action however is in tort, to which the distinction referred to does not apply. *Mahoney* v. *Beatman,* 110 Conn. 184, 190, 147 Atl. 762. If negligence be shown in such a case to be the proximate cause of the injury, a substantial factor in producing it, the negligent party is liable whether the injury can be said to have been in contemplation or not. We are convinced that the jury was justified in finding the de-

fendant negligent, and that this negligence was a proximate cause of and a substantial factor in causing the plaintiff's injury. The jury decided that the plaintiff was not guilty of contributory negligence, this being a question of fact for them to determine. They could reasonably have found from the evidence that there was no negligence on her part which substantially contributed to her injury. Reading the entire evidence with care, we are unable to find the verdict to be manifestly and palpably contrary thereto, or any indication that the jury were moved by an improper motive, or showed any lack of understanding of the issues or of the legal principles governing the case.

There is no error.

In this opinion the other judges concurred.