## MARTHA KAPLOWE
*vs.*
## ARNOLD LIPSCHITZ ET AL.

Court of Common Pleas  New Haven County  File No. 32323

MEMORANDUM FILED FEBRUARY 16, 1942.

*Alexander Winnick,* of New Haven, for the Plaintiff.

*J. Stephen Knight,* of New Haven, for the Defendants.

FITZGERALD, J.  The controlling question herein presented is whether the plaintiff is entitled to recover damages from the defendants Arnold R. Lipschitz and/or Joseph Ginsberg, trustee, for injuries received on December 5, 1940, occasioned by a fall on the front steps of No. 497 Washington Avenue, New Haven, while plaintiff was descending the same after visiting her mother, who lived on the premises in question. The court is satisfied that the three lower steps of the four steps comprising the outside stairway leading from the porch of the house to the sidewalk were covered with a light coating of ice; that said ice had formed thereon during the brief period between the time the plaintiff went on the premises to visit her mother and the time she was taking her leave.

It is plaintiff's claim that the ice on said steps was caused by a dripping of water from melting snow upon said steps from the lower portion of the upstairs porch which extended over at least the last two steps in question.

Viewing the plaintiff's case most favorably, from a factual standpoint, the court feels, nevertheless, that she must fail in her action. "To charge the property owner with liability, the notice must be 'of the defect itself which occasioned the injury, and not merely conditions naturally productive of that defect and subsequently in fact producing it.' *Carl vs. New Haven,* 93 Conn. 622, 628, 107 Atl. 502; *Delaney vs. Shimelman,* 111 Conn. 22, 26, 149 Atl. 139; *Reynolds vs. Land Mortgage & Title Co.,* 114 Conn. 447, 455, 159 Atl. 282." *Dribble vs. Village Improvement Co.,* 123 Conn. 20, 23.

In short, there is not present in the instant case the element of notice, actual or constructive, to the owner or owners of the property *de* ice on the steps which caused plaintiff to fall and sustain the injuries of which she complains. This aspect is deemed decisive of the case. Such cases as *Young vs. Talcott,* 114 Conn. 675 and *Thelin vs. Downs,* 109 id. 662, concerning injuries by pedestrians on highways abutting the defendants' properties, relied upon by the plaintiff, are readily distinguishable and not helpful to the court.

The short answer to the plaintiff's claim *de* absence of light and handrail are these: (a) she herself, having lived in the house before her marriage, knew where the switch was located and could have turned it on, but did not; (b) the evidence does not warrant a conclusion that the existence of a handrail would have prevented her fall, as she had a grasp on the right side of the porch upright when she did fall.

Judgment will enter for the defendants.