MINNIE E. CLARK *v.* THE GEORGE B. WUESTEFELD COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 6—decided April 4, 1946.

*David M. Reilly,* with whom was *Robert B. Vining,* for the appellant (defendant).

*Richard C. Hannan,* with whom were *Ellsworth B. Foote* and, on the brief, *David E. FitzGerald, Jr.,* for the appellee (plaintiff).

ELLS, J. The plaintiff brought this action to recover damages for personal injuries which she suffered when her right foot broke through the roof of a garage owned by the defendant. The jury returned a verdict for $2500, and the defendant has appealed from the denial of its motion to set the verdict aside and from the judgment.

The first claim, that there was not sufficient evidence to prove that the defendant was negligent, is based upon a contention that the defendant had no notice of the defect. The evidence, taken in its aspect most

favorable to the plaintiff, showed that the defendant leased to her a dwelling house on Whalley Avenue in New Haven adjacent to premises upon which it conducted an automobile sales agency and repair garage. The lease did not include a back or side yard; at the rear of the yard between the house and the defendant's building on Whalley Avenue, close to the house, there was a two-car garage owned, used and controlled by the defendant, the flat roof of which the plaintiff was permitted to use for hanging out clothes. While using it for that purpose her foot and leg went through the roof. The cause of the break in the roof was a badly rotted pine board beneath a composition sheeting that covered the roof.

The defendant claims that the garage roof was a part of the premises which it leased to the plaintiff and that it had no control over it. There was abundant evidence to the contrary, including testimony by officers of the defendant that it often inspected the roof, that it repaired it subsequent to the accident and that it leased the house to the plaintiff, but not the garage.

The evidence as to whether reasonable inspection would have disclosed the defect was conflicting, but there was testimony that the defective condition had existed for about a year and that for at least five or six months prior to the accident there had been a leak in the roof at a point close to the rotten board. Even if the jury could not have found that the leak or the defect would have been discovered by a reasonable inspection of the top of the roof, there was vital testimony that for five or six months the leak had been plainly visible from the interior of the garage.

The only claim pursued by the defendant in its brief is that the notice to it was not of the defect which caused the injury, that is, the rotten board, but only

of conditions naturally productive of the defect and subsequently in fact producing it. The defective board is an exhibit. The jury could have concluded that the defendant should have discovered the leak in the roof; that, in the light of common knowledge of the tendency of wood to rot when subjected to continued dampness, it should, in the exercise of due care, have investigated the condition of the roof boards in the vicinity of the leak; *DeSantis* v. *New England Furniture Co., Inc.,* 132 Conn. 134, 138, 42 Atl. (2d) 792; and that the condition of the board itself and of the surrounding boards was such that any reasonable inspection would have put the defendant on notice of the defect itself. *Reynolds* v. *Land Mortgage & Title Co.,* 114 Conn. 447, 452, 159 Atl. 282. For these reasons, *Drible* v. *Village Improvement Co.,* 123 Conn. 20, 192 Atl. 308, and *Shegda* v. *Hartford-Connecticut Trust Co.,* 131 Conn. 186, 38 Atl. (2d) 668, are not in point. The defendant knew that the plaintiff continually was walking upon the roof of the garage. It was charged with the duty of using reasonable care to keep the roof reasonably safe for such purpose. We cannot hold that the jury could not have found that the defendant, in the exercise of reasonable supervision, ought to have known of the existence of the defect itself and failed to exercise reasonable care to provide against injury by reason thereof, and that the plaintiff had no actual or constructive notice of the defect. The court did not err in refusing to set aside the verdict.

The defendant claims that the verdict was excessive. The special damages amounted to $438.69. A review of the evidence shows that an award of approximately $2000 for pain and suffering was reasonable and proper.

A promise to repair was not involved in the case, and error is claimed on the ground that the court

failed so to charge, in accordance with the defendant's request. It is also claimed that the jury were given an instruction from which they might infer that an agreement to repair was claimed by the plaintiff, and were told that if there was such an agreement the landlord might be liable. In this connection a single sentence in the charge is assigned as error. The charge as a whole could have left no doubt in the minds of the jury. They could not have understood that a promise to repair was in the case. The single sentence assigned as error is subject to some criticism. In it the court did make reference to an agreement to repair, but the purport of the long paragraph which contained this sentence was merely to illustrate different conditions or situations with which a landlord might be confronted, in order to assist the jury in an understanding of the law relating to landlord and tenant. The ultimate instruction was that the question to be decided was one of possession and control by the landlord. Under these circumstances and the further facts that no promise to repair was alleged in the complaint, no evidence of one was offered and no claim was made at the trial that there was such an agreement, there was no reversible error as to this feature of the case.

The instructions concerning contributory negligence were correct and adequate in view of the fact that the defect was not apparent to the plaintiff in her use of the roof, and therefore the failure of the court to adopt the precise language of the requests to charge is of no consequence. On the question of damages the defendant claimed that prior accidents suffered by the plaintiff probably contributed to the various injuries complained of in this case, and that the charge on this point was inadequate. There is no substance to this contention, for the court plainly stated that the jury

must disregard any suffering which resulted from previous injuries and confine their consideration solely to the injury and suffering which resulted from the accident involved in the instant case. It clearly stated that this injury must not only be alleged in the complaint but must be proved by a fair preponderance of the evidence. The defendant claimed that there was no evidence to support the plaintiff's claim of proof as to permanent injuries and that therefore the court erred in submitting this issue to the jury. There was medical testimony of permanent injury sufficient to support the claim of proof and to justify the passing reference made to it in the charge. We do not discuss the claim that the court erred in its charge concerning future pain and incapacity, for the reason that the defendant did not make objection to the charge on this subject. Practice Book, § 156.

Two rulings upon evidence are assigned as error. A question was excluded upon the ground that it was leading. It was replaced by a proper one, which was answered. There was no harmful error. Conn. App. Proc., § 33. The second claim is that testimony offered by the plaintiff was improperly admitted in rebuttal. The order in which evidence shall be received is a matter resting in the sound discretion of the court, and the admission of evidence which should have been offered in chief is not ordinarily a ground of error. *State* v. *Buonomo,* 88 Conn. 177, 183, 90 Atl. 225. We cannot say that the court abused its discretion in admitting the evidence objected to, especially in view of the fact that an opportunity was given the defendant to meet this testimony, and that it produced three witnesses to rebut it.

There is no error.

In this opinion the other judges concurred.