GRACE NELSON ET AL. *v.* ANTONIO D'AGASTINO ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and O'SULLIVAN, Js.

Argued January 6—decided February 21, 1949

*Ufa E. Guthrie,* for the appellants (plaintiffs).

*DeLancey Pelgrift,* for the appellees (defendants).

Ells, J.   The plaintiffs, who are husband and wife and tenants of the defendants, brought this action to recover damages for injuries arising out of the defendants' alleged negligent failure to keep a porch railing in repair.   It was conceded that the porch was in the defendants' control.   Judgment was for the defendants and the plaintiffs have appealed.

The trial court found the following facts: Mrs. Nelson went to the rear porch to hang a washing upon a clothesline running between a fixture attached to the building and a pole set in the yard.   The floor of the porch was about three and one-half feet above the ground.   Along its outer edge there was a railing about three feet high consisting of horizontal top and bottom rails with vertical pickets between.   She reached for the clothesline with her right arm extended, her right knee hit the porch railing, the top rail came loose from the post to which it was fastened, and she fell to the ground and was injured.   It was found later that the

center portion of the rail had rotted at the end where it had been nailed to the post. The defendants had no actual knowledge of any weakness or defect in the railing. There was nothing about the appearance of the railing, nor any external condition in connection therewith, prior to the fall, to indicate that its core had become rotted at the point where it was nailed to the post. The plaintiffs offered no evidence that a reasonable inspection of the premises would have disclosed the defect. The defendants employed an agent to supervise and rent the property and to maintain the porches in a reasonably safe condition, and he had acted in that capacity for about ten years. He also delivered milk to the premises every other day and used the porch in that connection.

The court concluded that the defendants had neither actual nor constructive knowledge of any defect in the railing, that the plaintiffs failed to prove that a reasonable inspection of the premises would have disclosed the defect, and that the defendants were not liable to the plaintiffs.

The primary duty of the defendants was to use reasonable care to see that the premises were kept reasonably safe. Liability for a breach of that duty would arise only if it appeared that they either knew of a defect or were chargeable with notice of it because had they exercised a reasonable inspection of the premises they would have known of it. *Newell* v. *Weisman,* 113 Conn. 744, 746, 156 A. 886; *Vinci* v. *O'Neill,* 103 Conn. 647, 657, 131 A. 408. The plaintiffs do not directly attack the finding that the defendants did not have actual knowledge of the defect. They do seek additions to it to the effect that the house and railing were about thirty-six years old, that a wooden railing exposed to the weather for a long time will rot at the joints and become unsafe, that the defendants knew those facts,

and that a reasonable inspection would have disclosed the defect. Even if we added the first two statements to the finding, it would not avail the plaintiffs unless a condition resulted such that a reasonable inspection would have disclosed the defect, and of that there was no evidence; rather, the testimony was to the contrary, because the plaintiff Nelson himself testified that the outside of the rail appeared to be fairly good.

Evidence tending to show reasonable inspection was offered by the defendants, but the court did not make a forthright finding to that effect. The plaintiffs claim that in the absence of such a finding the defendants are charged with such knowledge as a reasonable inspection would show. If the landlord does not make a reasonable inspection, that fact becomes important if he would have had notice of the defect if he had made such inspection. A failure to inspect on the part of the landlord is not in and of itself a ground of negligence but only has a place in the case upon the issue of knowledge or notice. *Vinci* v. *O'Neill,* supra, 657; *Greenwald* v. *Wire Rope Corporation of America,* 131 Conn. 465, 469, 40 A. 2d 748. The difficulty with the plaintiffs' contention is that the evidence does not establish the fact that a reasonable inspection would have disclosed the defect complained of. It is not shown that the railing exhibited any signs of weakness or that there was any surrounding condition to put the landlord on notice, such as, for example, was present in *Clark* v. *George B. Wuestefeld Co.,* 132 Conn. 653, 655, 46 A. 2d 841. Consequently the plaintiffs failed to establish any notice to the defendants, actual or constructive, of any defect in the premises.

There is no error.

In this opinion MALTBIE, C. J., JENNINGS and O'SULLIVAN, Js., concurred; BROWN, J., dissented.