ELMER ROY ET AL. *v.* FRIEDMAN EQUIPMENT
COMPANY, INC.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued November 4, 1959—decided January 8, 1960

*Theodore I. Koskoff,* with whom was *Robert R. Petrucelli,* for the appellant (named plaintiff).

*Richard F. Oburchay,* with whom was *David J. Sullivan, Jr.,* for the appellee (defendant).

MELLITZ, J. The plaintiff Roy brought this action to recover damages for injuries sustained when he slipped and fell from a crane which his employer,

the plaintiff City Lumber Company of Bridgeport, Inc., was negotiating to purchase from the defendant. The court directed a verdict for the defendant, and from the judgment thereon Roy, hereinafter called the plaintiff, has appealed.

Viewing the evidence in the light most favorable to the plaintiff, the jury could have found the following facts: The plaintiff had been employed as a maintenance man by the lumber company for about seventeen years, his duties consisting, in part, of operating and maintaining cranes. He had operated cranes of many types, and on his own testimony was qualified as one who had expert knowledge of cranes generally. The defendant was a dealer in new and used cranes. For a week or ten days prior to the date the plaintiff was injured, he was engaged in operating a used crane which was owned by the defendant and which it was negotiating to sell to the lumber company. The plaintiff was told by his employer to inspect the crane with a view to ascertaining the cost of any repairs which might be required or of rebuilding whatever might be necessary. There was a catwalk, twelve or thirteen inches wide, around the sides and rear of the crane, and a grab handle at the door of the cab. The flow of fuel into the engine, for the purpose of operating the crane, was regulated by a throttle located high inside the cab. There was a place in the cab for the operator to stand, or he could sit, and, in operating the crane, he would reach for the throttle over his head with his right hand. The plaintiff, when he was injured, was endeavoring to reach for the throttle from where he was standing on the catwalk. He was holding the door jamb with his left hand and was reaching into the cab for the throttle with his right. It had been raining up to about an hour

before, and the catwalk was wet. The plaintiff's feet slipped, causing him to fall backward and sustain his injuries.

Upon the evidence presented, the jury could have found the defendant's status to have been that of a bailor in a mutual benefit bailment. As such, the defendant was under a duty to use reasonable care to see that the crane was reasonably safe for use in the manner and for the purpose reasonably to be anticipated by the defendant. *Phenning* v. *Silansky*, 144 Conn. 223, 226, 129 A.2d 224; *Minicozzi* v. *Atlantic Refining Co.*, 143 Conn. 226, 231, 120 A.2d 924; Restatement, 2 Torts § 392. The plaintiff's burden was to establish that the defendant had violated this duty. The defendant was not an insurer against harm from use of the crane. Its liability to the plaintiff was dependent upon the establishment of negligence on its part, and the complaint sounded only in negligence.

The negligence with which the defendant was charged was that the crane was structurally unsafe in that it lacked a railing for the catwalk, there were no grab handles near the cab, and the defendant failed to make a reasonable inspection of the crane to discover and remedy these defects before delivering it to the plaintiff's employer. The plaintiff made no claim that there was any latent defect which rendered the crane unsafe and of which the defendant was under a duty to give warning. The defects which are claimed to have rendered the crane structurally unsafe were visible and apparent. No inspection was required to detect or disclose them. Failure of the defendant to inspect the crane would not in and of itself be negligence, and could be of significance only if an issue of knowledge or notice of the defect was presented. *Nelson* v. *D'Agastino*,

135 Conn. 384, 387, 64 A.2d 539; *Vinci* v. *O'Neill,* 103 Conn. 647, 657, 131 A. 408. As to the claim that the crane was unsafe because it was not equipped with a railing and with more grab irons, the defendant was not required to take precautions against hazards too remote to be reasonably foreseeable. *Noebel* v. *Housing Authority,* 146 Conn. 197, 202, 148 A.2d 766; *Goldberger* v. *David Roberts Corporation,* 139 Conn. 629, 633, 96 A.2d 309. Due care is always predicated on the existing circumstances. *Rosa* v. *American Oil Co.,* 129 Conn. 585, 588, 30 A.2d 385. The crane obviously was designed to be operated by one stationed within the cab, where the mechanism for its operation was located. The plaintiff attempted to operate the crane while standing outside, and was injured in the attempt. It is unreasonable to hold that the defendant should have foreseen, and equipped the crane to avoid, risk of harm to one attempting to operate the crane while standing outside the cab. Whether, under other circumstances, negligence might be found in the failure to equip a crane in the manner claimed by the plaintiff to be necessary to render it safe does not concern us here. Clearly, the plaintiff was injured while attempting to use the equipment in a manner not reasonably to be anticipated and for which no provision had been made. The defendant was entitled to assume that persons endeavoring to operate the crane would not attempt to do so in some unusual and unforeseeable way.

On the facts presented here, the plaintiff established no breach of duty owed to him by the defendant. It is therefore unnecessary to consider the claim that the plaintiff was guilty of contributory negligence as a matter of law, or that he voluntarily assumed the risk involved. Since no basis existed

for a recovery by the plaintiff, the action of the court in directing the verdict for the defendant was proper.

There is no error.

In this opinion the other judges concurred.