[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a negligence action against the defendant, owner of a truck borrowed by an employee.
The complaint alleges that Michael Harontunian was an employee of the defendant corporation, and had borrowed the defendant's truck to help his friend, the plaintiff, move to a new apartment.
The complaint further alleges that during the unloading of the truck the rear door closed on the plaintiff's finger, causing injuries which ultimately resulted in the amputation of the tip of the third finger of his left hand.
The plaintiff charged the defendant with being negligent in that it "knew or in the exercise of reasonable care should have known" that the door was in a dangerous and defective condition.
The defendant has moved to strike the complaint contending that the complaint fails to allege facts sufficient to establish a duty owed to the plaintiff by the defendant.
The complaint, at paragraphs 3-4 alleges that the CT Page 3130 truck was borrowed with permission from his employer in order to move the plaintiff's belongings from one apartment to another. No allegation was made that the loan was involved in the defendant's business, nor was any payment made for the use of the truck.
The plaintiff argues that the legal relationship between the defendant corporation and Harontunian as to the loan of the vehicle was one of a gratuitous bailment.
A gratuitous bailment is defined as "(a) bailment without compensation; according to some authority a bailment intended for the sole benefit of the bailor or a bailment intended for the sole benefit of the bailee." Ballentine's Law Dictionary 534 (3d ed. 1969).
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 108 Conn. 161, 170 (1988). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93
(1985). The court must construe the facts in the complaint most favorably to the plaintiff Rowe v. Godou, 209 Conn. 273, 278
(1988).
Courts are generally liberal in finding that an informal loan of a chattel constitutes a bailment:
 So long as the lawful possession of the property is in the bailee, under circumstances that impose on him the duty to return or account for it, there appears to be no disposition on the part of the courts to regard it as any the less a bailment merely because the agreement is informal in character, oral, or implied in fact or in law.
8 Am. Jur 2d BAILMENTS Section 58, p. 795.
The issue here is what duty is owed by a gratuitous bailor to a third party.
The duty of a gratuitous bailor to a third party was set forth in Connecticut in the case of Johnson v. Bullard Co.,95 Conn. 251, 257 (1920). The gratuitous bailor is under a duty "to inform [the bailee] of any [defects] of which [the bailor is aware. . . ." "Failure of the defendant to inspect [the chattel] would not in and of itself be negligence, and could be CT Page 3131 of significance only if an issue of knowledge or notice of the defect was presented." Roy v. Friedman Equipment Co., 147 Conn. 121,123 (1960). (Emphasis added). "The obligation of a mere lender goes no further than this, and he cannot therefore be made liable for not communicating anything which he did not in fact know, whether he ought to have known it or not." Johnson v. Bullard Co., 95 Conn. at 257.
Plaintiff's decedent in the Johnson case was the invitee of the bailee, a legal relationship similar to that of the plaintiff and the bailee in the present case. In the Johnson case, the defendant bailor loaned his truck to his employee, bailee, who used the truck at night to give friends a ride. The body of the truck came apart contributing to the death of the plaintiff's decedent. The truck was claimed to be defective. In Johnson, supra, at 255 the court stated that the decedent stood in no better position than the bailee.
 The cases which have dealt with gratuitous lenders and bailors have held that there is no greater obligation toward a third person than to the immediate bailee. The bailor is therefore under no duty to inspect the chattel before delivering it, and the bailee assumes the full responsibility for its condition. There is liability only for a failure to disclose defects of which the bailor has knowledge which may render it dangerous to others.
Prosser and Keeton, ON TORTS, (5th ed.) Ch. 17, Sec. 104, p. 717 (citations omitted).
The defendant here moves to strike the complaint on a single ground: that the complaint "does not allege facts showing the existence of a legal duty to the plaintiff. As noted, the facts alleged in the complaint must be sufficient to show the existence of a gratuitous bailment, so that the defendant owed the plaintiff the same duty, under Johnson v. Bullard, that it owed the bailee: to inform him of any defects of which the bailor/defendant had actual knowledge.
The complaint alleges in paragraph 8 that the rear door of the vehicle was in a defective condition, and that the defendant, bailor, knew or should have known of the defect.
Paragraph 8 of the complaint alleges that, due to the obviousness of the danger, the dilapidated exterior of the door, and the duration of the dangerous condition's existence, the defendant had actual knowledge of the danger. By alleging CT Page 3132 actual knowledge due to an obvious and longstanding condition, the plaintiff has alleged sufficient facts to plead the existence of a duty. The allegations of constructive knowledge, while extraneous, do not vitiate the charge of actual knowledge. See, e.g., Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
The sole ground of the motion to strike is that the complaint fails to allege facts which show the existence of a duty. The duty owed by the defendant in a gratuitous bailment is merely to warn of defects known to the defendant. Because the complaint has alleged that the defendant had such actual knowledge, the motion to strike must fail.
Accordingly, the motion to strike is denied.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT