[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this case the defendants have filed a motion for summary judgment. The motion presents a question of law but the facts alleged in the complaint must be discussed. The suit arises out of injuries the plaintiff alleges she received as she was walking across a parking lot area. At the deposition of the plaintiff, she testified she was looking straight ahead as she walked, she did not trip over her own feet according to her testimony. The plaintiff testified that she could not tell whether she fell due to her foot coming in contact with a crack in the pavement or with stones in the area she was crossing. At the deposition, she marked a photo of the scene with an "X" to indicate where she fell and this apparently would narrow the cause of her fall to only one of the two alleged reasons for her fall: the cracks or the stones. The defendants maintain that the marking of the photo confines the plaintiff's claim to an allegation that only one of the defects caused her fall. But given the plaintiff's other deposition testimony just referred to, the plaintiff is not precluded, for the purposes of this motion, from relying on either of the above mentioned conditions as being the causes of her fall and resulting alleged injuries — that is, no conclusive admissions have been made or, if an admission occurred as to location or cause of the fall through the plaintiff's marking of the photo, she is entitled to explain away the contradiction to the trier of fact and she in fact did for the purposes of this motion by also testifying in her deposition that she could have fallen either due to coming in contact with the stones or the cracks. In fact this is the position that was adopted by plaintiff's counsel at oral argument — he claims CT Page 10819 both of the conditions were defects and either one could have caused the fall.
The defendant' s argument on this motion is succinctly and well stated:
 "Notice to the defendant must be `of the defect itself which, occasioned the injury and not merely conditions naturally productive of that defect and subsequently in fact producing it.' Drible v. Village Improvement Company, 124 Conn. 20, 23, 192 A. 308 (1937). At the time of her deposition, the plaintiff was unable to state what defective condition, if any, had caused her to fall."
(Pages 2-3 of defendants' brief.) (Emphasis added.)
The "if any" language goes too far; as the portions of the deposition quoted by the defendants in their brief indicate, the plaintiff claims the fall was caused by the crack in the pavement or the stones and she didn't know which one, but giving her testimony the most favorable inference, it was one or the other — the crack or the stones and nothing else.
The basis for the notice cases must be examined in the light of the defendants' claim that the plaintiff's failure to allege which of the two defects caused her fall bars her cause of action. The reasoning behind the notice cases is directly related to the question of fault and due care. In other words, a defendant must have notice or constructive notice of a defective condition because it must be determined whether "the condition had existed for a length of time sufficient for the . . . defendant, in the exercise of due care, to have discovered the defect in time to have remedied it." Kapilotis v. Shop RiteSupermarket, Inc., 250, 251 (1988); McCrorey v. Heilpern,170 Conn. 220, 221 (1976).
That is, a party in control of premises has a duty to use reasonable care to keep those premises in a reasonably safe condition. Morris v. King Cole Stores, Inc., 132 Conn. 489, 492
(1946). But a party in control of premises is not an insurer for injuries caused by all defects on its property — that would not be reasonable; so the cases indicate that "the plaintiff must show that the defendants had actual knowledge of the defect or that they were chargeable with constructive notice of it because, had they exercised reasonable inspection of the premises, they would have discovered it." Pollack v. Gainpel, 163 Conn. 462,468 (1972). CT Page 10820
The court will discuss two cases that reflect these policy considerations.
The requirement that the burden placed on the person in control of property must be reasonable is reflected in a case like Monahan v. Montgomery, 153 Conn. 386, 390 (1966), where the court, further refining the concept of notice, said:
 On a question of notice, the trier's consideration must be confined to the defendant's knowledge and realization of the specific condition causing the injury, and such knowledge and realization cannot be found to exist from a knowledge of the general or overall conditions obtaining on the premises."
In Monahan a man fell, there was no witness to the incident and there was a general claim that he fell due to the general condition of the premises — dead leaves, branches and debris. No particular branch over which the plaintiff might have fallen was ever identified, whether a specific branch was involved or a "component part of an accumulation of debris" was the causative factor was not disclosed. No evidence was presented as to how long any branch had been present. The branch the plaintiff may have fallen on may have been part of the debris the plaintiff had himself collected while raking. 153 Conn. at pp. 391-392.
Compare Drible v. Village Improvement Co., supra, where the court said the notice has to be of the defect itself not merely of conditions naturally productive of the defendant and subsequently producing it. 123 Conn. at page 23. Drible was a trip on ice case, evidence was presented that the defendant had had the steps where the plaintiff fell swept. And the court noted it was a snowy day and others using the steps may have tracked snow on to the steps which might have later melted and caused the dangerous condition. Id. page 24. Thus, it would be unreasonable to impose liability in such a situation — the property owner swept the steps. There was no evidence that he knew of any icy conditions on the steps and it would impose an unreasonable burden on property ownership if liability could be imposed merely because the property owner knew of conditions which could possibly produce a defect that would be of danger to others. Thus, the property owner must know of the actual defect in order to provide some rational benchmark to determine whether the owner had or should have had notice of any defect, thus making it fair to impose liability for injury caused by failure to correct it. CT Page 10821 Again, it is too much of a burden to place on property owners to require them to correct or take account of general conditions that might produce specific defect as opposed to requiring them to correct specified defects of which they knew or should have known.
In the court's opinion, the policy behind the notice of specific defect requirement in premises liability cases does not dictate dismissal of this case at this stage of the litigation.
In this case, the plaintiff may be able to prevail in one of three ways. The plaintiff may be able to show that both defects contributed to her fall. In that case, the plaintiff will have to show that the defendants had the required notice of both defects.
The jury may conclude that only one of the defects alleged caused the fall, then the plaintiff will have to show that the appropriate notice of that very defect that caused the fall.
On the other hand, the jury may determine that the fall cannot be attributed to any negligence on the plaintiff's part — something the court must assume for the purposes of this motion — and that the fall could only be due to either one of the defects alleged but they cannot determine which one. In other words, the plaintiff may not be able to prove which particular defect caused the fall but why cannot liability be based on a finding that in fact either defect caused the fall. All of this is a problem of causation but has nothing to do with the notice requirements of common law. On this theory of liability the plaintiff would have to establish the appropriate notice of each defect but this cannot be said to impose an unacceptable burden on the defendants. Two specific defects are alleged, not some general condition which might possibly be productive of a defect of which the defendants, of necessity, could not have had actual or constructive notice. How is that an unreasonable burden to place on a party in control of premises — only two specific defects are involved and the plaintiff must still establish the defendants had the required notice of both of them. What would a contrary result mean — property owners having notice of more then one specific defect on their property can take a chance of not correcting them on the hope that an injured innocent party will not be able to establish which defect caused injury although one of them did?
The defendants' position may be well taken at a certain CT Page 10822 point at trial, depending on how the evidence as to causation develops, but it is not appropriate to grant the motion for summary judgment at this point.
Corradino, J.