[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The despositive issues in this case are whether the plaintiff has proved by a preponderance of the evidence: a) that a specific defect caused her to fall on the defendant's premises, and b) that the defendant had constructive notice of the defect. The court finds the following facts. The plaintiff fell outside the defendant's store on a sidewalk which extended from the defendant's exit door to the parking lot at the same level as the parking lot. The plaintiff walked four steps to an area on the sidewalk that had been painted green at which location she fell to the ground. The area in which the plaintiff fell was an area that the defendant had made available to its customers for the purpose of dropping off and picking up customers. It had rained that morning and the temperature was above freezing. On the day prior to the fall there had been snow, followed by freezing rain, followed by rain. CT Page 10002
 A. The Defect
"For the plaintiff to recover for the breach of duty owed to her as an invitee she had to allege and prove that the defendant had actual or constructive notice of the presence of the specific unsafe condition that caused her fall. Either type of notice must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of the defect even though subsequently in fact producing it."LaFaive v. DiLoreto, 215 Conn. App. 58, 60 (1984).
Use by the court of the words specific defect and very defect suggests that the plaintiff must describe the ice condition with sufficient particularity as to afford a reasonable basis for the fact finder to find: 1) that a defective condition in fact existed. and 2) that the specific condition had existed for such a length of time as to charge the defendant with notice of it. Drible v. Village Improvement Co.,123 Conn. 20, 24 (1937).
As the court stated in Drible "mere proof of the presence of some snow or ice or both does not necessarily show a breach of the defendant's duty". Ibid.
In this case the court accepts the plaintiff's testimony that she felt ice on the ground with her hands as she attempted to lift herself up, although she denies seeing any ice. The court also accepts the testimony of the witness Rosie Forte who saw "a certain amount of ice which looked solid." The court also credits the testimony of Jeffrey Rice, Jr. who, during the course of his inspection made shortly after the fall, observed "a pile of slush"[1] in the vicinity of the plaintiffs fall. He saw no other ice in that area. No one identified a particular piece or patch of ice which caused the plaintiff to slip and fall. There is no other evidence of the presence of the ice or the slush for any period of time prior to the plaintiffs fall. The court is unable to draw a reasonable inference from the evidence that the plaintiff's fall was caused by a specific defect produced by the presence of ice.
Two older decisions of our Supreme Court are applicable here. InMonahan v. Montgomery, 153 Conn. 386 (1966) the plaintiff invitee tripped over a branch and fell to the ground injuring himself. The court's discussion is particularly instructive on the need to identify the specific defect.
There was evidence as to the general condition of the premises, the existence thereon of dead leaves, brush, branches and debris and the existence in a windy location overhanging trees with dead branches. CT Page 10003 There was an abundance of evidence as to the existence of a general condition naturally productive of the existence on the driveway of a branch over which a person raking the area could fall and sustain injury. As we have noted, however, proof merely of the existence of such a general condition is not sufficient. The plaintiff's claim of proof is that the decedent raked up a pile of branches and leaves in front of one stall and then started to rake up a pile in front of the other stall and that "[w]hile in the driveway he tripped over a broken branch" and fell. No particular branch was ever identified. Whether it was a specific isolated branch or a component part of an accumulation of debris is not disclosed. There was no evidence whatsoever as to how long it had been in the position it was in when the decedent fell over it, its size, whether it had just fallen or been blown there, whether it was a portion of branches, leaves and bushes which had collected over a period of time, or, in any circumstance, whether it had been in the location for some time or had just been placed there or moved into that position by the decedent himself since he was on the premises for the express purpose, and was actually engaged in the process, of moving the branches and general debris. Id. at 391 (Emphasis added).
In this case, to paraphrase the court in Monahan, no particular ice was ever identified and whether it was a specific, isolated piece of ice or a component part of an accumulation of ice or slush is not disclosed. For the court to infer the existence of a specific area of ice on the defendant's premises would require resort to speculation and conjecture.Gulyez v. Stop and Shop, Cos., 29 Conn. App. 519, 522 (1992).
Because the plaintiff has not proved the existence of a specific defect the plaintiff has also failed to prove that the defendant had notice of the defect either actual or constructive.
In New Britain Trust Co. v. New York, N.H. H.R. Co., 145 Conn. 390,392-393 (1958) the evidence showed that the plaintiff fell on a sheet of glare ice in front of the defendant's store. Snow had been removed from an area in front of the store about five feet wide by sixteen feet long. With the exception of this cleared space the rest of the sidewalk was covered with trampled snow which was hard and slippery.
The jury could have reasonably found that the hard CT Page 10004 packed, slippery snow had existed for up to eight hours before Mrs. Galbraith fell. Had it been the cause of her fall, the jury might reasonably have concluded that the condition had existed for a sufficient length of time for the defendant to have had constructive notice of it in view of its location in the center of the city. But the evidence shows that her fall was occasioned by the glare ice in front of 10 Railroad Arcade and not by the trampled snow throughout the rest of the passway. It was therefore necessary for the plaintiff to prove that the defendant had actual knowledge of the glare ice or that it had existed for such a period of time that the defendant could be charged with constructive notice of it. There was no evidence from which the jury could have found that the defendant through its agents had acquired actual notice of this ice. The only evidence of actual notice of any of the conditions which existed on January 3 concerned the wet, hard-packed snow which covered all of the passway except the shoveled area upon which Mrs. Galbraith fell.
 It was incumbent upon the plaintiff to establish the length of time that the particular icy condition had existed in order to show that the defendant had had a reasonable time to have become aware of and to have remedied the dangerous condition and was charged with constructive notice." (Emphasis added.)
As applied to this case the plaintiff was unable to identify any quantifiable mass of ice on the defendant's premises. The only quantified ice was described by the defendant as a pile of slush but the plaintiff was unable to prove that it caused her fall.
The court could reasonable find that the defendant should be held to a greater degree of vigilance in keeping the sidewalk free of ice deposited by vehicles discharging or picking up customers than a business from the nature of which such perils are not reasonably expected to result. Morrisv. King Cole Stores, Inc., 132 Conn. 489, 494 (1946). Even if it did, the court is unable to determine the length of time that such ice was present on the sidewalk. It is impossible to ascertain whether the ice had been on the sidewalk for a period of hours, minutes or had been dropped on the sidewalk moments before the plaintiff fell.
For these reasons the plaintiff has failed to sustain her burden of proof and judgment may enter for the defendant. CT Page 10005
BY THE COURT,
Mottolese, Judge