*Fairfield,*
June, 1846.

Raymond
*v.*
Bell

---

### BELL *against* RAYMOND.

*A* brought a complaint of forcible entry and detainer against *B*, before the judge of the county court and a justice of the peace, in which it was alleged, that on the 4th of *April* 1844, *A* was well seised and possessed of the land in question, and that *B*, on that day, while *A* was so seised and possessed, forcibly entered and disseised and dispossessed him. To this complaint *B* pleaded *not guilty ;* and after trial on this issue, *A* obtained a verdict, and judgment of restitution was rendered. *B* then brought an action of assault and battery against *A*, alleged to have been committed on the 4th of *April* 1844; which *A*, under the general issue with notice, attempted to justify as having taken place in defending his lawful possession of the land against

Bell.
*v.*
Raymond.

the aggressions of *B;* and it appeared, that the assault complained of was committed at the time and place of the forcible entry and detainer, and was part of that transaction. To prove that *A* was in the lawful possession of the land, at the time of the assault, and to disprove the possession claimed by *B, A* offered in evidence the record of the former judgment. Held, 1. that such judgment, being between the same parties, and involving and deciding the point in controversy here, was admissible for the purpose for which it was offered; 2. that in relation to its effect, it was not inconclusive, because it was not pleaded in bar, or by way of estoppel; 3. nor on account of the character of the court before which the proceeding was had; 4. nor on the ground that a forcible entry was not necessarily involved in the finding of the jury; but 5. that such record was conclusive in its effect upon the point in question.

THIS was an action of assault and battery; to which the general issue was pleaded, with notice of special matter to be given in evidence.

The cause was tried at *Fairfield, February* term, 1846, before *Hinman,* J.

The assault for which the action was brought, took place on the 4th of *April* 1844, in a dispute between the parties relative to a piece of land, the possession of which was claimed by both. The defendant claimed, that he committed the assault in defending his lawful possession of the land against the unlawful entry and attempt of the plaintiff by force to dispossess him. And the plaintiff, on the other hand, claimed, that he was in the lawful possession of the land, at the time of the assault; to prove which, and also to disprove the possession of the defendant, he offered in evidence the record of the proceedings in an action of forcible entry and detainer, brought by him against the defendant, for the recovery and restitution of the same piece of land; the complaint in that case counting on the defendant's forcible entry on said land, on the same 4th of *April* 1844, and a forcible ouster therefrom, and a like forcible retention thereof, by the defendant, against the lawful possession of the plaintiff, from said 4th day of *April* until the date of the complaint. The plaintiff recovered in that action; and it appeared, that the injury for which he recovered, was, as stated in the complaint, identical in point of time with the assault in question, and took place on the same piece of ground on which that took place. (*a*) The defendant objected to the record thus offered in evidence;

*(a)* See the preceding case of *Raymond* v. *Bell, p.* 81.

but the court admitted it, and charged the jury, that it was conclusive evidence that the plaintiff was in possession of the land, at the time of the alleged assault. The jury returned a verdict for the plaintiff; and thereupon the defendant moved for a new trial.

*Hawley* and *Ferris*, in support of the motion, contended,
1. That the record offered was not admissible in evidence.

In the first place, it was inadmissible, by reason of the character of the court. It was a court organized for a particular purpose only; having no continuing jurisdiction; not empowered to settle title, nor even possession, except for the purposes of the process in that case only. The judgment lays no foundation for any other proceeding, and is unlike other judgments which ascertain and establish a debt, liability or right, which may be the foundation of other proceedings to enforce such debt, liability or right. When the action is ended, the whole object of the statute is attained. The proceedings exhaust themselves in that particular case; every fact that is found being established for the purposes of that case only. Secondly, there is not enough shown by that record, to make it admissible. The *time* of the possession of the plaintiff is shown only as it is in every action of trespass *quare clausum fregit:* any other time could have been proved on the trial. There was no sufficient *finding* of the possession, or of any other facts. The plaintiff claimed to prove, by the record, a possession, at the time of a forcible entry for which he recovered. But the record is no evidence that there was any such forcible entry at all; for the jury may have found a forcible detainer only of a possession taken and enjoyed *long before.* Such a finding alone would have warranted their verdict. The record, therefore, not necessarily proving a forcible entry—at the utmost, proving only an entry *or* detainer— is not admissible to prove any thing which entered into and formed part of a forcible entry, nor any fact connected with such entry. If the record showed possession in the plaintiff at all, it did not show, or tend to show, that the defendant was not in possession before he was; nor that the plaintiff did not wrongfully get possession, by turning the defendant out, in a way he had a right to resist.

2. That the record, if admissible at all, was not conclu-

sive.    *Church* v. *Levenworth,* 4 *Day* 274.    1 *Sw. Dig.* 755.
The case of *Betts* v. *Starr,* 5 *Conn. R.* 550. will probably
be cited as establishing a contrary doctrine.    But there is
nothing in that case inconsistent with the claim made by the
defendant here, or which warrants the charge.    For in that
case, the whole conclusiveness of the record was found in
the *judgment,* ascertaining the existence and validity of the
note.    But in this case, all the evidence the record affords,
is derived from the *verdict*—none at all from the judgment ;
for that does not ascertain, affirm or establish a single fact.
It merely awards restitution ; and this is all that the court,
by the statute, has power to do.    *Betts* v. *Starr* very clearly
declares, that a verdict, when admissible at all, is never con-
clusive, and does not profess at all to overrule *Church* v.
*Levenworth,* nor to qualify its doctrine.

　　　*Bissell* and *Butler,* contra, contended, 1. That the record
of the judgment in forcible entry and detainer, was admissi-
ble.    The action was for the same assault which constituted
the forcible entry.    The question of possession was necessa-
rily raised and decided in that case.    It was the foundation
of the complaint, a matter to be averred, proved and found,
or the whole proceeding would be invalid.    *Phelps* v. *Bald-
win,* 17 *Conn. R.* 209.    And the record shows it to have
been thus averred, proved and found, and a restitution
awarded.    In this case, the defendant raised the same ques-
tion, and claimed to have been in possession, on the day and
at the time when it was found, in the other case, that the
plaintiff was in possession, and this defendant forcibly ejected
him.    It was the precise point, and therefore within the gener-
al rule, that a judgment of a court of concurrent or exclusive
jurisdiction, directly upon the point, is, as a plea in bar or as
evidence, conclusive between the parties upon the same mat-
ter when directly in question in another court.    1 *Phil. Ev.*
321. 333. *Betts* v. *Starr,* 5 *Conn. R.* 550.    1 *Greenl. Ev.* 565.
Nor is it material that the cause or object of both actions
should be identical.    *Hopkins* v. *Lee,* 6 *Wheat.* 109. 3 *Phil.
Ev.* by *Cowen & Hill,* 827, 8. and cases there cited.    The
cases of *Baldwin* v. *Goodyear,* 12 *Conn. R.* 575. and *Phelps*
v. *Baldwin,* 17 *Conn. R.* 209. dispose of all the defendant's
objections.

2. That the evidence was *conclusive.* See the cases already cited and 1 *Greenl. Ev.* 272.

HINMAN, J. The general question which this court is called upon to decide, is, whether the ruling and charge of the judge on the trial were correct. 1. Was this record evidence that the plaintiff was in possession of the land, up to the time of his forcible expulsion by the defendant ? It is alleged in the complaint for the forcible entry and detainer, that, on the 4th day of *April* 1844, the plaintiff was well seised and possessed of the land ; that the defendant, on that day, while the plaintiff was so seised and possessed, forcibly entered and disseised and dispossessed him therefrom. That these allegations were material, and the want of them would have made the complaint insufficient, is very evident from the statute upon which the proceeding was founded, and was also decided in the case of *Phelps* v. *Baldwin,* 17 *Conn. R.* 209. As they were material, so of course, they must have been proved. And the judgment must, by statute, be a judgment of restitution. " Such judge and justice shall render judgment, that the complainant shall be restored to, and reseised of, the premises, and shall award a writ of restitution accordingly." *Stat, p.* 286. (*ed.* 1838.) It is hardly necessary to say, that to restore a party to possession of land which he never had, implies a direct contradiction ; as remarked by *Hawkins,* (1 *P. C.* 286.) "It is a repugnancy to award restitution of possession to one who was never in possession ; and it is vain to award it to one who doth not appear to have lost it." The point, then, which the defendent wished to raise in this case, was the same which was necessarily involved in the action of forcible entry and detainer. The parties, also, it has been seen, were the same in both actions. In the former suit, it had been found, that the plaintiff was in possession of this land and that the defenant forcibly ejected and held him out ; and the assault complained of, appeared to be a part of the very force used to dispossess and hold out the plaintiff. Why, then, was not the record of the former judgment, evidence between the same parties in another cause, where the same facts, upon the truth of which that judgment rested, are incidentally involved ? It was the judgment of a court of competent

jurisdiction over the matter then before it—jurisdiction expressly conferred by statute, and confined exclusively to this particular court. It comes, therefore, within the principle laid down by C. J. *De Grey,* in the *Duchess of Kingston's* case, that, " the judgment of a court of exclusive jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence, conclusive upon the same matter coming incidentally in question, in another court, between the same parties, for a different purpose." 11 *St. Trials,* 261. And it is to be observed, that no distinction is made by the C. J. between courts of record and courts not of record, nor between courts of limited and those of general jurisdiction, in respect to the admissibility of their records, or the effect of them, when introduced ; though he was, at the time, giving the advice of the twelve judges, as to the effect of the judgment of an ecclesiastical court.

We are aware that this doctrine, so far as regards the conclusiveness of a former judgment, where it is not pleaded in bar, or by way of estoppel, has been much questioned ; and there are contradictory decisions upon it, both in *England* and in this country ; but in regard to its admissibility, as tending to prove the same facts, where they are involved in another cause between the same parties, we are not aware that there has been any contrariety of opinion, anywhere, since the opinion of the judges in the case referred to. We do not feel called upon, therefore, to do more than to refer to some of the books on the subject of evidence, where this will be found laid down as an elementary principle : and we think with *Park,* J. in *Stafford* v. *Clark,* 2 *Bing.* 377. (9 *E. C. L.* 437.) that the record in this case was admissible ; and to hold it otherwise would be to oppose all the decisions on the subject. 1 *Phil. Ev.* 321. 1 *Stark. Ev.* 202. 1 *Sw. Dig.* 752.

2. Was the record conclusive evidence of the plaintiff's possession of the land, at the time of the forcible entry ? There certainly are some apparently contradictory cases, in regard to the effect of a former judgment between the parties, when shown in evidence, in subsequent proceedings between them, on some collateral fact, coming incidentally in question in such subsequent proceedings : and some confusion has probably arisen, from the courts not always dis-

tinguishing the cases, where a former judgment is offered as proof of some collateral fact or point, which comes incidentally in question in the second suit, from that class of cases where the former judgment might be pleaded as a bar, or as an estoppel, to the second suit, or some fact involved in it, but the party omits to do this, and goes to trial upon the general issue, and offers the judgment as evidence to the jury of the facts found in it. In the latter class of cases, it has been much doubted, whether a party who has omitted to plead a former judgment as a bar, or as an estoppel, ought not to be taken to have waived the conclusiveness of the judgment before the jury. But in the case under consideration, the record was offered in proof of the fact, that the plaintiff was in possession of a piece of land, at the time his alleged injury was received: this was a fact wholly collateral to the issue formed in the case. The defendant had pleaded the general issue; and the justification he set up was by way of notice of certain facts he intended to prove, under the plea of *not guilty*. The plaintiff, therefore, never had an opportunity to plead or reply the former judgment, as an estoppel, against the defendant's claim, that he was in possession of the land, at the time of the assault. Upon the authority, therefore, of *Shelton* v. *Alcox*, 11 *Conn. R.* 240. the plaintiff ought to be permitted to take advantage of the estoppel, by way of evidence. He was placed in this condition too, by the manner in which the defendant chose to take advantage of his justification. Surely, it is not for a party to complain, that a former judgment has had the same effect, as evidence, that it would have had, if he had so pleaded the special matter, as to have enabled the other party to reply the estoppel. Matter of estoppel ought, no doubt, generally, to be pleaded; but when the party who relies upon it, has no opportunity to plead it, he may show it in evidence. 1 *Sw. Dig.* 622. *Shelton* v. *Alcox*, 11 *Conn. R.* 240. *Adams* v. *Barnes*, 17 *Mass. R.* 365. *Young* v. *Rummell*, 2 *Hill*, 478.

Although this is entirely decisive of the question, as it is presented in the motion, yet the parties seem to have thought it necessary to determine, whether, generally, a judgment has the same conclusive effect, when shown in evidence, as when pleaded as an estoppel, or as a bar to the suit; and as we think the plaintiff correct in the ground he has taken,

*Fairfield,*
June, 1846.

Bell
*v.*
Raymond.

we have no hesitation in expressing our opinion upon this question, though it is not necessarily involved in the decision of the case. In this aspect of it, the point will not often arise, except in those cases where a former judgment recovered, may be given in evidence under the general issue, or pleaded in bar, at the election of the party wishing to take advantage of it, as in the action of *assumpsit*, and the like.

In cases of this description, where nearly every thing that shows the plaintiff has no subsisting cause of action, may be given in evidence under the general issue, there can be no good reason, why a former judgment reversed, for the same cause of action, should have any greater effect, when pleaded, than when shown in evidence. Judgments, it is said, ought to be final; because it is for the public interest that there should be an end to litigation; and a man ought not to be twice vexed with the same cause of action. But to make the weight of the evidence to depend upon the form of the issue, is to disregard these reasons, in all cases where a judgment is held not to be conclusive : and if it is not conclusive, upon what principle is it admissible at all? Can it be vindicated upon any ground, except that taken by *Gilbert*, in his *Law of Evidence*, in regard to the admissibility of a former verdict? He says, (*p.* 29.) speaking of a verdict : " It is a very persuading evidence ; because what twelve men have already thought of the fact, may be supposed fit to direct the determination of the present jury." And again, " There is that common credit to be given to twelve men of the country, discerning of any fact upon their oaths, that no second jury ought rashly to depart from their judgment." These reasons were not perhaps destitute of weight, at a time when jurors were summoned from the neighbourhood ; because " they best knew the truth of the matter," and were rather in the nature of witnesses, than judges of facts from the evidence given in court : but they can have little, if any, influence, at the present day, even in the case of verdicts, and none whatever, in the case of judgments. Why should the opinion of a former jury have any more weight, than the opinion of any twelve men of equal intelligence and honesty, who were present at the trial? Or why exclude the opinions of individual jurors, if the only effect given to a verdict is such as the united opinion of twelve honest men is entitled to ?

*Fairfield,*
June, 1846.

Bell
*v.*
Raymond.

It is not intended, however, to question the law as laid down by Chief Baron *Gilbert*, but only his reasons for it. There are cases, no doubt, where a verdict is evidence; as where offered to prove reputation. And *Bristol*, J. in *Betts* v. *Starr*, says, " the better opinion is, that it is merely evidence to be weighed by a jury." Perhaps from its very nature, it cannot, as evidence merely, be conclusive. It only finds facts. But not so with a judgment: that is the final sentence of the law upon facts found ; and ought, therefore, to conclude parties, or there would be no end to litigation.

We think, also, the weight of authority is in favour of the conclusiveness of a former judgment before the jury. That such was the opinion of the judges, in the *Duchess of Kingston's* case, is very evident from the remarks of the C. J. already quoted. And Lord *Mansfield*, in *Bird* v. *Randal*, 3 *Burr*, 1345. while he holds that a former recovery need not be pleaded in an action on the case, makes no distinction, as to its effect, whether pleaded, or given in evidence. And, although the judges waive an opinion upon this point, in *Stafford* v. *Clark*, (9 *E. C. L.* 437.) yet we find *Park*, J. significantly saying, that Lord *Mansfield* thought such evidence conclusive ; and *Best*, C. J., when the case was before him, did not approve of the case of *Vooght* v. *Winch*, in which the contrary doctrine had been advanced. We think it evident, therefore, that had the case called for an opinion, as to the effect of the evidence, it would have been held to be conclusive. So, Lord *Ellenborough*, in *Hancock* v. *Welsh*, 1 *Stark. Ca.* 347. (2 *E. C. L.* 420.) thought such evidence conclusive: and again, in *Strutt* v. *Bovingdon*, 5 *Esp.* 56. the same judge said, " the record of the former cause could not be deemed a legal estoppel, so as to conclude the rights of the parties, by its production ; but it was binding, so far *that he should think himself bound to tell the jury to consider it conclusive.* But this question was fully considered, in the case of *Betts* v. *Starr*, 5 *Conn. R.* 550. And, so far as this state is concerned, we had supposed it put at rest, by the decision of that case. It is unnecessary, therefore, to review the decisions elsewhere. There, in an action of ejectment, in which the plaintiff's title was a mortgage deed, given to secure the payment of a note, claimed, by the defendant, to have been given on an usurious consideration ; the court held, that a

former judgment upon the note—(it appearing that the defence of usury had been unsuccessfully made to the suit upon it, before the judgment was rendered,) was conclusive evidence that the note was not usurious. The question was directly made and decided, in that case. We should, therefore, be bound by the decision, even if we thought the point a doubtful one. But we believe it to have been correctly settled, in that case : and do not therefore feel called upon to reëxamine it. Most of the cases on this subject are collected in *Cow. & Hill's* notes to *Phil. Evid. p.* 804 to 810. ; and the question is also very fully examined, by Mr. *Greenleaf.* 1 *Greenl. Ev. sec.* 522 & 535. inclusive. And the same result to which we have come, is arrived at, by both these writers.

It is further claimed, that the record was not admissible, because of the character of the court. And an argument is gone into, to show, that it was a court organized for a particular purpose only; in other words, that it was a court of limited jurisdiction. There can be no doubt of this : no argument is necessary to prove it. It is impossible to look at the statute under which such courts are empowered to act, without seeing it. But the question is not, as to the character of the court, but as to the effect of its proceedings. Is there, then, any distinction between courts of limited and those of general jurisdiction, in regard to the admissibility of their judgments as evidence, or the effect of them, when proved? No such distinction has been pointed out to us. It is said, the powers of the court were limited to the particular occasion on which they were exercised. But so are the powers of arbitrators ; and yet this court held, in *Shelton* v. *Alcox*, that they could decide in whom was the title to real estate, and it would conclude the parties from again contesting it. So, a decree in chancery, which, in *England,* is not a court of record, is admissible evidence between the parties of the facts found in it. It has already been noticed, that the judgments of ecclesiastical courts are also held to conclude parties: and in *Bateman* v. *Goodyear*, 12 *Conn. R.* 575. the judgment in a summary process to recover possession, was held to be admissible. The manifest distinction between superior and inferior courts, as to what may be presumed to be within their jurisdiction, has nothing to do with this question. The jurisdiction of this special court is not denied.

*Fairfield,*
June, 1846.

Bell
*v.*
Raymond.

As, then, no authority has been cited, in support of this claim, and we are not aware of any that could be shown to sustain it ; we think there was no error, in admitting the record as evidence, or in the charge of the court as to its effect.

It was suggested, that the jury might have founded their verdict upon the forcible detainer only ; and that a forcible entry was not necessarily involved in the finding. This question has been settled, in the case of *Raymond* v. *Bell, (ante,* 81.) the present term ; and we see no occasion to change the view we took of it, in that case. A forcible entry, by the defendant, against the lawful possession of the plaintiff, and a continuing detention, consequent thereon, were both involved in the former verdict and judgment. Besides, the statute requires, in the case of a forcible detainer, as well as in the case of a forcible entry, that it must be against the consent of the *"actual possessor."* In any event, therefore, it was necessary for the plaintiff to allege and prove, that he was in the actual possession of the land, at the time of the defendant's entry. *Phelps* v. *Baldwin,* 17 *Conn. R.* 209. 1 *Hawk. P. C.* 286.

We do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.