## FRANK SESSA *v.* JOSEPH BARNEY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued March 10—decided April 18, 1944.

*William L. Beers*, with whom was *George C. Conway*, for the appellant (plaintiff).

*William F. Geenty*, for the appellees (defendants).

JENNINGS, J. Plaintiff and defendants own adjoining parcels of land in East Haven. The exact location of their mutual boundary is and for a long time has been in dispute. The defendants also claim a right of way across the plaintiff's land to the highway. By writ dated December 22, 1938, the plaintiff brought suit in the Court of Common Pleas against the named defendant. Other parties were later cited in. The first count of the complaint as originally filed alleged that the defendants prevented the plaintiff from erecting a fence on the plaintiff's land, and the second count alleged that the defendants cut down a fence on the plaintiff's land. In their answer to the complaint as so drawn, the defendants justified, as to the first count, on the ground that they had acquired title to the land where the plaintiff was attempting to erect the fence,

and, as to the second count, on the ground that they cut down the fence in the exercise of a right of way across the plaintiff's land by prescription, describing the right of way with reasonable certainty. Later a third count was added to the complaint stating that the defendants "claim estates or interests" in the land and claiming a judgment settling the title to the premises. To this the defendants filed two defenses. In the first they claimed title by record. In the second they made allegations from which title by adverse possession could be found. Both defenses described the boundary between the lands of the parties with particularity and both referred to the claimed right of way, adopting by reference the description detailed in their answer to the second count. The case in the Court of Common Pleas was tried on these pleadings and judgment was rendered for the defendants on June 14, 1939. The judgment recited the history of the pleadings and stated, "The Court having heard the parties finds the issues for the defendants."

By complaint dated May 23, 1940, the plaintiff brought this suit in the Superior Court against the same defendants, the original complaint sounding in trespass. The case was tried on a substituted complaint filed April 8, 1942, containing the allegations usual in a suit to quiet title, and a substituted answer consisting of a general denial and containing four special defenses. The first special defense set up the defendants' claim to a right of way by prescription; the second, record title; the third, title by adverse possession to the land in dispute; and the fourth, res adjudicata. The case was fully tried on all issues but was decided for the defendants on the fourth special defense.

The parties to the two suits are identical and the description in the pleadings of the boundary and right

of way in dispute is the same in all essential particulars. The case in the Court of Common Pleas, as far as appears from the record in this court, was tried on a complaint containing two counts of trespass and one count containing the allegations usual in a suit to quiet title. The substituted complaint in the case tried in the Superior Court and here on appeal contained only the latter allegations. The judgment in the Common Pleas case failed to recite the special findings set forth in Practice Book, Form 632, page 399. The plaintiff claims that by analogy to a general verdict the judgment in the Court of Common Pleas evidences only that the court may have found for the defendants on the issues of trespass and that for that reason it is not res adjudicata as to title. The defendants, on the other hand, claim that the essential issue in both suits was the same, to wit, the location of the mutual boundary in question, and that under the doctrine of *Spencer* v. *Mack*, 112 Conn. 17, 151 Atl. 309, the judgment of the Court of Common Pleas, referring as it does to the pleadings containing the description of the land in dispute, decided the issue in favor of the defendants for all time.

As stated above, the judgment of the Court of Common Pleas found "the issues" for the defendants. A statement in the judgment file to the effect that "the issues" are found for the plaintiff or defendant implies, in the absence of any evidence to the contrary, that all the issues were so found. *Wilson* v. *Cheshire Brass Co.,* 88 Conn. 118, 122, 89 Atl. 903; *DiBlasi* v. *DiBlasi,* 116 Conn. 699, 700, 163 Atl. 473; *Williamson's Appeal,* 123 Conn. 424, 427, 196 Atl. 770; Practice Book, § 189. As is pointed out in *Spencer* v. *Mack,* supra, 23, the judgment would have been more satisfactory if it had included a detailed description of the property, but the same opinion holds that a judgment of the character

.described is not necessarily ineffective. It follows that, construing the judgment as finding all of the issues for the defendants, the right of way of the defendants was adjudicated under the issues raised by the answer to the second count of the complaint, and the true boundary between the parties by the issues raised by the answer to the third count. The parties and the issues were the same. The plea of res adjudicata was decisive. *Bell* v. *Raymond*, 18 Conn. 91, 95; *Spencer* v. *Mack*, supra, 23; *State. ex rel. Campo* v. *Osborn*, 126 Conn. 214, 218, 10 Atl. (2d) 687.

The plaintiff's claim that the case in the Court of Common Pleas may have been decided on the ground that no acts of trespass were committed will not bear analysis. Examination of the complaint and answer in that case discloses that there was no dispute whatever concerning the acts performed by the parties; only the legality of those acts was in issue and that depended entirely on the title to the property and the existence of the right of way specifically described in the pleadings. A comparison of the record in this case with that pertaining to the first one shows incontrovertibly that "the.vital issue in both cases was the location of the dividing line between the parties. Until the former judgment in favor of the defendant is reversed therefore, the plaintiff is not in a position to obtain the relief sought in the present action." *Spencer* v. *Mack*, supra, 22. The judgment of the trial court was correct.

There is no error.

In this opinion the other judges concurred.