ANNA KLAHR *v.* DEMITRIOS KOSTOPOULOS ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued March 11—decided April 15, 1952

*Harrison D. Schofield* and *James F. Dawson,* for the appellants (defendants).

*Sydney C. Kweskin,* with whom was *Saul Kwartin,* for the appellee (plaintiff).

BROWN, C. J.    The plaintiff, who was a second-floor tenant in the defendants' six-family apartment house in Stamford, brought this action to recover for personal injuries sustained on October 6, 1948, by reason of the

alleged negligent failure of the defendants to keep a porch railing in repair. It is conceded that the porch was in their exclusive control. Judgment was for the plaintiff and the defendants have appealed.

The record shows these further undisputed facts: The railing along the outer edge of the porch at the rear of the plaintiff's apartment extended between two upright posts and consisted of a top rail and a lower stringpiece with perpendicular balusters between. As the plaintiff turned away after throwing a parcel into the rear yard, her right side came in contact with the railing, it collapsed, and she fell to the ground below, suffering serious and painful injuries. When the railing gave way, it became detached at all four of the points where it had been affixed to the two upright posts. The ends of the top rail and the stringpiece, and the posts at the four points where these had been attached, were rotted and decayed. The nails at these four places remained in the posts. They were rusted, corroded and eaten away, and the heads had disintegrated. No inspections to ascertain the condition of the premises had been made either by the defendants or by their employees. Neither of the defendants testified at the trial, and they did not offer evidence that any inspection had ever been made of the premises. There was no claim that the plaintiff was contributorily negligent.

"The primary duty of the landlord is to use reasonable care to see that the premises are kept reasonably safe, and his liability can only arise out of a failure in that duty. *Reardon* v. *Shimelman,* 102 Conn. 383, 386, 128 Atl. 705. To give rise to it, however, it must appear that he either knew of a defect or was chargeable with notice of it, because, had he exercised a reasonable inspection of the premises, he would have known of it. *Reardon* v. *Shimelman, supra,* p. 398."

*Vinci* v. *O'Neill,* 103 Conn. 647, 657, 131 A. 408; *Laflin* v. *Lomas & Nettleton Co.,* 127 Conn. 61, 64, 13 A. 2d 760. It is the landlord's duty to make reasonable inspection of the portion of the premises remaining in his control to discover possible defects therein. *Scibek* v. *O'Connell,* 131 Conn. 557, 559, 41 A. 2d 251; *Aprile* v. *Colonial Trust Co.,* 118 Conn. 573, 580, 173 A. 237. The defendants do. not question the correctness of these principles. They attack the court's conclusions that (1) a reasonable inspection of the premises would have disclosed that they were not in a reasonably safe condition, and (2) the defendants were negligent in not making such an inspection and in not using reasonable care to keep the premises in a reasonably safe condition, when, in the words of the defendants' brief, "there was no evidence that [the landlords] knew of a defect or that a reasonable inspection would have disclosed it, so as to charge [them] with notice of its existence." There is no claim that actual knowledge of the defendants was established. The court's conclusions are to be tested by the finding and not by the evidence. *Davis* v. *Margolis,* 107 Conn. 417, 422, 140 A. 823; *City Bank & Trust Co.* v. *Ruthinian Greek Catholic Church,* 102 Conn. 609, 611, 129 A. 785; Maltbie, Conn. App. Proc., § 96. The only question presented by the defendants' claim, therefore, is whether the subordinate facts properly found by the court support its conclusion that a reasonable inspection would have disclosed the unsafe condition.

In view of the conceded facts and the unchallenged subordinate facts in the finding, it is manifest that if the defendants were charged with constructive knowledge of the defect the judgment for the plaintiff on the ground of their negligence cannot be disturbed. The question determinative of the appeal, therefore, is whether the court's conclusion that a reasonable inspec-

tion of the premises would have disclosed that they were not in a reasonably safe condition can be sustained. The general neglected condition of the premises and the defendants' long-existent knowledge thereof clearly appear from numerous paragraphs of the finding which are not attacked. The porches were of wood and were very old, and no repairs had been made for many years. The condition of the entire premises was called to the attention of one of the defendants when they purchased the property some three years before the plaintiff's fall, and monthly thereafter. On each occasion his response was that the rent was too cheap and he could not afford to make repairs. The first place of decay in the porch railings was naturally where they joined the upright posts.

In the light of these facts, four unchallenged paragraphs of the finding afford a short and conclusive answer to the determinative question. These state that under the circumstances a reasonable inspection would have required "the shaking of the railing to determine its condition" and "the probing in the joints of the railings by a nail, knife, screwdriver or other tool," and that either one would have revealed that the railing was in a defective condition and not reasonably safe. Not only was no error assigned in any of these paragraphs but apparently they were properly predicated primarily upon the testimony on cross-examination of the builder called by the defendants as an expert witness. Each of the paragraphs constitutes a finding of fact. Upon this state of the record, the defendants' contention — that, because, as they claim, the decayed condition would not have been apparent on visual observation solely, the court's conclusion that a reasonable inspection of the premises would have disclosed that the railing was not in a reasonably safe condition was unwarranted — cannot prevail. The

case of *Nelson* v. *D'Agastino*, 135 Conn. 384, 64 A. 2d 539, relied upon by the defendants in this connection, is clearly distinguishable, as appears by this statement at page 386 of the opinion: "The plaintiffs offered no evidence that a reasonable inspection of the premises would have disclosed the defect."

As is apparent from our view of the case, expressed above, it is unnecessary to discuss the errors assigned seeking changes in the finding. The errors assigned but not pursued in the defendants' brief require no consideration. *State* v. *Jones*, 124 Conn. 664, 665, 2 A. 2d 374.

There is no error.

In this opinion the other judges concurred.