ALEXANDER A. OSUCH *v.* MARY OSUCH

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued November 4, 1958—decided January 8, 1959

*Lawrence S. Finkelstone,* for the appellant (plaintiff).

*David Goldstein,* with whom was *Arnold J. Bai,* for the appellee (defendant).

MURPHY, J. The parties are husband and wife. Married in 1916, they have been residents of the Bridgeport area since 1923. In November, 1929, the plaintiff acquired a quarter interest in the property at 285-303 Noble Avenue, Bridgeport. He bought out the other interests in July, 1930, and had title to the property placed in the name of the defendant, where it still remains. The property then consisted of a seventeen-room house, a brick garage and a frame garage. A gasoline station was later erected. In 1950, the plaintiff instituted this suit. He alleged that the title was placed in the name of the defendant under an oral agreement that he was the real owner and that upon demand the defendant would convey the property to him. This she has refused to do. He sought damages, specific performance of the agreement, or other equitable relief. The defendant denied the allegations. The trial court concluded that the conveyance to the defendant was intended by the plaintiff at the time it was made to be an outright gift without reservation, that it was such a gift, and that the plaintiff had no legal or equitable interest in the property. The plaintiff has appealed from the judgment for the defendant.

Counsel for the plaintiff has made one of those wholesale attacks upon the finding which this court has repeatedly criticized and, apparently in vain, attempted to discourage. *Bent* v. *Torell,* 139 Conn. 744, 747, 97 A.2d 270, and cases cited therein. He claims error in the court's failure to include in the finding fifty-nine paragraphs of the draft finding. In addition, he claims error in certain findings of fact and thereafter refers to most of these same

paragraphs as conclusions which, with four of the conclusions of law, he maintains are unsupported by evidence. While there must be evidence to support a finding of fact, conclusions are to be tested by the finding and not by the evidence. *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655, 88 A.2d 332, and cases cited. Furthermore, in the assignment of errors other claims of error are made which do not appear from the record to concern questions which were distinctly raised at the trial. These we do not consider. Practice Book § 409.

The sole issue raised by the pleadings was whether a resulting trust in favor of the plaintiff arose when he purchased the property but had the title placed in the name of the defendant. Generally, by operation of law, a resulting trust in favor of the one paying the money arises unless the intention of the parties was otherwise. Where, as here, the purchase price is paid by one spouse but the conveyance is taken in the name of the other, there is a presumption that a gift was intended. The presumption, however, is one of fact and not of law and may be rebutted. *Franke* v. *Franke,* 140 Conn. 133, 139, 98 A.2d 804, and cases cited.

Such additional facts as appear in the finding and are pertinent to an understanding of the limited phase of our review of this case follow: In 1930, when the Noble Avenue property was acquired, the couple and their children were living in a home on Waverly Place in Bridgeport which had been purchased by the plaintiff three months earlier. Title to the Waverly Place property was taken in the name of the defendant and it was intended as a gift to her from the plaintiff. In the fall of 1931, the family moved into the Noble Avenue house. They occupied a six-room apartment on the first floor.

The plaintiff moved his real estate office into the building and rented the rest of the property to tenants. In July, 1932, the defendant signed a deed conveying the Waverly Place property to a third person. She executed this conveyance upon the promise of the plaintiff that he then would give her the Noble Avenue property.

As the court also found that the Noble Avenue property was purchased for the defendant and was a gift to her in July, 1930, there is an inconsistency in the finding which cannot be reconciled on the record. Certainly if the gift of the Noble Avenue property was made and completed upon the execution of the deed to the defendant in 1930, there is no logic in the finding that she conveyed title to the Waverly Place property two years later on the promise by the plaintiff that she would then be given the Noble Avenue property as a gift. Since the conclusions reached by the trial court are contrary to and inconsistent with relevant facts found, the judgment cannot be sustained. *Buckley* v. *Webb,* 143 Conn. 309, 315, 122 A.2d 220. This result eliminates the need of discussing the other assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.