FRED B. ROSNICK, TRUSTEE IN BANKRUPTCY (ESTATE OF JAMES B. WALKER) *v.* AETNA SHEET METAL WORKS, INC.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 5—decided June 30, 1959

*H. John Weisman,* with whom was *Fred B. Rosnick,* for the appellant (plaintiff).

*Abraham S. Silver,* for the appellee (defendant).

MELLITZ, J. The plaintiff, a trustee in bankruptcy, brought this action to recover sums alleged to be due as a result of work performed by the bankrupt under a contract with the defendant. The amended complaint is in two counts. In the first count, the plaintiff seeks to recover a balance claimed to be due for the value of materials and services furnished by the bankrupt to the defendant; and in the second count, damages for breach of contract on the ground of prevention of performance.

The trial court's finding of the following facts is not subject to correction: Prior to July 9, 1954, the defendant entered into a contract to perform a portion of the work on the Litchfield high school, in

Litchfield, under a subcontract from the general contractor. The defendant, in turn, entered into a subcontract with James B. Walker for the performance by him of the steam work for a price of $11,500. Walker started the work and was paid $4100 for what he did prior to August 23, 1955, when he filed a voluntary petition in bankruptcy. Thereafter, he performed no more of the work. He left on the job some tools, a welding machine and most of the materials needed for completion of the work. On September 6, 1955, he was adjudicated a bankrupt and the plaintiff was appointed trustee. Thereafter, at various intervals until February, 1956, the defendant, in part through the employment of another subcontractor and in part by using its own employees, completed the job. The plaintiff knew that the defendant was going ahead with the work, but he remained silent and offered no objection. He did not request permission to assume and complete the contract. Most of the materials used by the defendant in finishing the work were those left on the job by Walker. The amounts paid by the defendant for the completion were $3142.43 for materials and the labor of its own employees and $1913.77 to a subcontractor. In addition, the defendant entered $628 for overhead and profit and $1725 for the responsibility it was required to assume on a one-year guarantee for the proper operation of the steam work. The plaintiff offered no evidence of the cost of the labor furnished by Walker. Apart from evidence that the cost of the materials supplied by Walker was $3014.56, the plaintiff offered no credible evidence of the reasonable value of the materials, services and labor furnished by Walker. The contract was not substantially performed by Walker.

The claim of the plaintiff, under the first count,

is that until Walker was prevented by financial difficulties from continuing to perform his contract he carried it out according to its tenor, his breach was not wilful, the defendant accepted and retained the benefit of his work, and the defendant should be required to pay the plaintiff the amount by which it was enriched as a result. Restatement, 2 Contracts § 357. We referred to this theory in *Kelley* v. *Hance*, 108 Conn. 186, 188, 142 A. 683, and observed that it had its basis in quasi contract, to prevent unjust enrichment at the expense of a contractor whose work was of benefit to the other party and was actually accepted, although he did not fully perform. Where a recovery is warranted on this theory, it is for the value of the work less the damages attributable to the contractor's default. Ibid.; 5 Williston, Contracts (Rev. Ed.) § 1475. The plaintiff had the burden of proving the value of Walker's part performance, that is, the extent to which his performance enriched the defendant. *Franks* v. *Lockwood*, 146 Conn. 273, 278, 150 A.2d 215. The first count set forth that the reasonable value of the materials and services furnished by Walker to the defendant was $9587.23. The plaintiff had the burden of proving this allegation. He argues that he sufficiently proved it by proof of the contract price, the amounts paid by the defendant under the contract, and the cost to the defendant of completing the work. This type of proof is usually deemed sufficient in cases where recovery is sought on the ground of substantial performance and where completion of the work contracted for may be accomplished, or the defect in the work remedied, by a relatively minor expenditure. *Pinches* v. *Swedish Evangelical Lutheran Church*, 55 Conn. 183, 187, 10 A. 264. Here, Walker left the work far from done. Substantial completion was not

approached, and the plaintiff expressly disclaimed any right to recover on the theory of substantial performance. The trial court ruled that, under these circumstances, the contract price could not, alone, be treated as the basis for determining the extent of the defendant's enrichment, if any, from the materials and services furnished by Walker. The court was not in error in so ruling.

In the second count, the plaintiff claimed to be entitled to recover damages because he was prevented by the actions of the defendant from completing the contract. Under § 70b of the Bankruptcy Act (52 Stat. 880, 11 U.S.C. § 110[b]), the plaintiff had the option of assuming the contract within sixty days after adjudication. The act provides that any contract not assumed within such time shall be deemed rejected. If the plaintiff chose not to assume the contract as provided in the act, the bankruptcy of Walker operated as a breach of the contract. *Central Trust Co.* v. *Chicago Auditorium Assn.*, 240 U.S. 581, 589, 36 S. Ct. 412, 60 L. Ed. 811. The failure of the plaintiff to take steps to assume the contract was a rejection of it which related back to the date of the adjudication and marked the date of the breach by Walker. *Napier* v. *Peoples Stores Co.*, 98 Conn. 414, 424, 120 A. 295. By virtue of the plaintiff's rejection, there was no longer a subsisting contract when the defendant undertook to complete the work, and therefore there was no foundation for a claim that the defendant had prevented performance by the plaintiff. 4 Collier, Bankruptcy (14th Ed.) p. 1236, n.41; 2 Remington, Bankruptcy § 1141.75.

There is no error.

In this opinion the other judges concurred.