State of Connecticut *v.* Arthur L. Dayton

Appellate Division of the Circuit Court

File No. MV 7-2462

Argued November 24, 1961—decided January 29, 1962

*Francis R. Danaher,* of Meriden, for the appellant (defendant).

*James Varrone,* prosecuting attorney, for the appellee (state).

WRIGHT, J. The defendant was found guilty of driving under the influence of intoxicating liquor in violation of § 14-227 of the General Statutes. The case was tried to the court on August 3, 1961, and, the court reporter being on vacation, it was stipulated by counsel for both sides that the requirement of a court reporter would be waived.

The only witness for the state was Officer Donald Vosgien of the Meriden police department. At 12:05 a.m. on July 12, 1961, he noticed a motor vehicle traveling on an erratic course along the Wilbur Cross highway, proceeding from the right shoulder of the highway over to the left lane and then back again to the right lane. When the officer apprehended the defendant, who was operating the automobile, the car again took an erratic course until it was brought to a halt. Although the defendant said he was going home, he was found to be traveling in the wrong direction. The defendant stated that he had had a couple of drinks in the

Elks' Club between 5:30 p.m. and midnight. The officer found his face to be flushed; he swayed when turning around; and his eyes were bloodshot. His manner of speech was "combative." He appeared to be sleepy. The officer told the defendant he was being charged with "driving under the influence of liquor" five times before the defendant understood why he was under arrest. His speech was slow, stuttering and confused. Upon the conclusion of the testimony of Officer Vosgien, the state rested its case. At this juncture, counsel for the defense insisted that the state be required to produce as its witnesses Officer Bailey and Sergeant Zajac, who were at the police station when the defendant was brought into the station. When the state failed to produce these witnesses, the defense proceeded to call Officer Bailey and the defendant as witnesses.

Officer Bailey testified that he had been sitting in headquarters about twenty feet away from the defendant when he was brought into the station. Officer Bailey also testified he saw nothing that would indicate that the defendant was under the influence of liquor, although he conceded that he did not observe the defendant closely, nor did he participate in any tests that were given to the defendant. The defendant testified that he had three drinks of rye and water during the course of the previous evening. He further testified that he felt tired, sleepy and sick to his stomach during the course of that previous night. According to the "Notes of the Judge in Lieu of Court Reporter's Transcript," no objections or exceptions were taken during the course of the trial.

The defense has based its appeal upon three major points. The first point claims an error in the finding of the court. In particular, the defendant takes exception to the finding wherein it was stated that the officer noticed a strong odor of liquor on

the defendant's breath, whereas the "Notes of the Judge in Lieu of Court Reporter's Transcript" made no mention of such an odor. This contention may be disposed of by reference to Circuit Court Rule 7.20.1, which states that no error can be predicated upon the finding of a court in the case where there has been no court reporter present at the trial. This rule naturally contemplates the fact that the notes of the trial judge are at best very sketchy and it would be virtually impossible for him to include every item of evidence in his notes. "The acceptance or rejection of testimony is a matter for the trial court." *Nixon* v. *Gniazdowski,* 145 Conn. 46, 48; *State* v. *Annunziato,* 145 Conn. 124, 129.

The second ground of appeal, in essence, is based upon the question whether there was sufficient evidence to justify the finding of guilty. A perusal of the record in this case discloses ample evidence that would justify the finding of guilty. As to the testimony of Officer Bailey, the finding reveals that this officer was merely a casual observer from a distance, and the court found his testimony to be of little value. It is basic that a finding of fact, based upon substantial evidence, cannot be reversed upon appeal. *Osuch* v. *Osuch,* 146 Conn. 90, 92. It is also basic that the trier is the sole arbiter of the credibility of witnesses. The facts set forth in the finding are amply supported by the subordinate facts as well as the trial court's conclusions of law.

The final ground of appeal is the contention that it was the duty of the state to call Officer Bailey and Sergeant Zajac as state's witnesses. The defendant bases his claim on *State* v. *Guilfoyle,* 109 Conn. 124; *State* v. *Jacowitz,* 128 Conn. 40; and *State* v. *Zimnaruk,* 128 Conn. 124.

It is recognized that it is the duty of a state prosecutor to produce testimony of every available

witness tending to aid in ascertaining the truth as to facts relevant to the inquiry. *State* v. *Guilfoyle,* 109 Conn. 124, 134. In the instant case, the state produced the arresting officer, who observed the defendant, talked to him, took him to headquarters, and gave him the usual tests. The prosecutor has recited that he considered this testimony to be the only important testimony in the case and that he knew of no additional testimony that would shed any further light upon the matter. The record indicates that at the close of the state's case the defense knew of the existence of Officer Bailey and Sergeant Zajac. In fact, the defense called Officer Bailey as its own witness and could have subpoenaed Sergeant Zajac. This court feels that the prosecutor proceeded in the usual fashion in connection with a charge of driving under the influence of liquor. There is nothing to indicate that the state knew of any other important evidence or that it suppressed any important evidence. On the other hand, the defense was fully aware that there were two other police officers at headquarters when the defendant was brought to the station.

There is no error.

In this opinion, HAMILL and HAYES, Js., concurred.