NATHAN E. COOPER v. WILLIAM L. MALAVESE ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 6-6111-4349

Argued June 21—decided November 13, 1962

*John J. Kinney, Jr.,* of New Haven, for the appellant (plaintiff).

*Edward S. Downes, Jr.,* of New Haven, for the appellees (defendants).

KINMONTH, J. The plaintiff instituted this action to recover a broker's commission, and the defendants filed a general denial. Error is assigned in the refusal of the court to correct the finding, and in the conclusions reached.

The following facts were found by the court: The plaintiff, a licensed real estate broker, through his agent, on September 15, 1961, communicated with the defendant Joyce Malavese in regard to the sale of a restaurant business owned by the defendants. The plaintiff's agent on that date prepared an agreement giving the plaintiff the exclusive right to sell "real estate at 3931 Whitney Avenue"; only the name of Joyce Malavese was written into the agreement as the owner of the real estate. The agreement was executed by only the defendant William L. Malavese and the plaintiff's agent. The plaintiff's agent drew another original agreement on an "exclusive agency" form which he signed and delivered to William L. Malavese. Both agreements were drawn at the same time and place. The exclusive agency agreement is similar in all details to the exclusive sale agreement except that on the exclusive agency form the words "excepting the owner(s)" are lined out. Both defendants were owners of the restaurant but did not own the real estate on which it was situated. The sale of real estate was never considered. The plaintiff advertised the business and showed it to prospective purchasers. The defendants sold the business themselves, the plaintiff having had nothing to do with the sale. The

court concluded, in effect, that each agreement, standing by itself, was clear and unambiguous but that the two agreements are to be considered as one contract; that when they are so considered there is an ambiguity in the contract; and that the ambiguity would be resolved by construing the contract against the parties who drew it, that is, the plaintiffs.

The claimed error in the refusal of the court to correct the finding was not pursued in the plaintiff's brief and requires no consideration. *Klahr* v. *Kostopoulos,* 138 Conn. 653, 657.

The plaintiff claims that the conclusions of the trial court were not supported by the facts as set forth in the finding and corrected finding. Conclusions must be tested by the subordinate facts in the finding; *Vitale* v. *Gargiulo,* 144 Conn. 359, 364; and not by the evidence. *Osuch* v. *Osuch,* 146 Conn. 90, 92. The court found that there were two agreements, one for an exclusive sale and the other for an exclusive agency, drawn at the same time and place by the plaintiff's agent. The difference between an agreement for an exclusive sale and an agreement for an exclusive agency is well known. *Harris* v. *McPherson,* 97 Conn. 164, 167. The court concluded that the two agreements should be read together and considered as one contract.

A judgment rendered upon facts found will not be reversed or set aside unless some erroneous rule of law material to the case has been applied, or unless a conclusion has been reached, or an inference drawn, from a fact, many facts, or the facts found, which affects the judgment rendered in material degree and is legally or logically inconsistent with that or those facts, or is illogical or unsound, or so violative of the plain rules of reason, as to be unwarranted in law. *Farkas* v. *Halliwell,* 136 Conn. 440, 443.

As a general rule, where several instruments are made as part of one transaction, they will be read together, and each will be construed with reference to the others. 17 C.J.S., Contracts, § 298; 4 Williston, Contracts (3d Ed.) p. 904. Thus considered, the contract contains an ambiguity as to whether it is a contract of exclusive sale or exclusive agency. " 'If there be doubt as to the true meaning of a written contract and one of the parties be responsible for the terms employed, it is both just and reasonable that it should be construed most strongly against that party. . . . It must also be kept in mind that, when a written contract is entirely prepared by one of the parties, and accepted, as thus prepared, by the other, any doubt as to the meaning of its provisions is to be resolved against the party preparing it.' " *Severson* v. *Fleck,* 148 F. Sup. 760, 764. The contract in the instant case was prepared by the plaintiff's agent. Therefore, any ambiguity or uncertainty which exists should be construed most strongly against the plaintiff. Ibid.; *Wall* v. *Wason,* 146 Conn. 32, 36; *Beach* v. *Beach,* 141 Conn. 583, 593; *Dorne* v. *Williams,* 140 Conn. 193, 201; *Macurdy* v. *Carver,* 328 Mass. 434, 435. In concluding that there was one ambiguous contract which was to be construed against the plaintiff, the trial court reached conclusions which were legally and logically consistent with the fact found.

The plaintiff's argument that a broker's contract need not be in writing is sound, but we must dispose of this case on the theory on which it was pleaded and tried to the trial court. Maltbie, Conn. App. Proc. § 42.

There is no error.

In this opinion PRUYN and DEARINGTON, Js., concurred.