HAROLD M. CATLIN *v*. WILLIAM W. GALVIN, JR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 13-624-699

Argued December 16, 1963—decided May 8, 1964

*Leroy E. Schober*, of Thompsonville, for the appellant (plaintiff).

*Marshall S. Feingold,* of Hartford, for the appellee (defendant).

LEVINE, J. The plaintiff, a real estate broker, instituted this action to recover a real estate commission from the defendant broker for the sale of real estate located in the town of Suffield. Error is assigned in the refusal of the court to correct the finding and in the court's conclusion as to the damages awarded.

The court found the following facts: The plaintiff and the defendant are licensed real estate brokers. Ruth Havourd, an employee of the plaintiff, showed premises on Randall Drive, Suffield, to Mr. and Mrs. Edward Lane, who, after extended negotiations, purchased the premises from the owners, John and James Cain. In that area, the customary commission payable on a real estate sale is 5 percent of the sale price. The defendant had an agreement with the Cains, when he accepted the listing of the property, that he would receive a $500 commission upon the consummation of a sale regardless of the amount of the sale price. The plaintiff had no knowledge of this agreement and did produce the customers who ultimately purchased the premises. The defendant offered the plaintiff one-half of the $500 commission, but the plaintiff refused to accept that sum. The court found for the plaintiff in the amount of $250 rather than the $825 claimed by the plaintiff, $825 being one-half of the customary 5 percent commission on $33,000, the sale price of the property.

The suit is in three counts, the first on an express contract, the second on the customary co-broker's division of the customary commission in the area, and the third on an implied contract for services rendered.

The assignments of error addressed to the finding have no merit. The plaintiff seeks to have a paragraph deleted from the finding which states that the owners were in financial difficulty and that the defendant was not the owner of the premises sold. If this paragraph were to be deleted, the conclusions reached by the court would not be affected. The plaintiff further seeks to add to the finding facts indicating his extensive brokerage business; that there existed a prior debt from the defendant to the landowner; that the defendant did not observe the minimum realtor fee schedule; that the value of a development is affected by premises which are not up to the development standard; that the defendant has received 5 percent on the sale of new homes; that a 2.5 percent fee to each of two co-brokers is usual; that there was an understanding of co-brokerage between the plaintiff and the defendant; that the defendant would pay the going rate on the sale of a house he owned; that while the defendant told the plaintiff he did not own the house in question, he never communicated this information to the plaintiff's agent; and that the plaintiff rarely accepted less than 5 percent as a commission. Some of these facts cannot be added, since they were neither admitted nor undisputed, and the remainder are immaterial and irrelevant and could not affect the conclusions of the court. The court did not err in denying the plaintiff's motion to correct the finding. Practice Book, 1963, § 985.

The last assignment of error attacks the court's conclusions with respect to the damages awarded the plaintiff. The conclusions must be tested by the subordinate facts in the finding. "While there must be evidence to support a finding of fact, conclusions are to be tested by the finding and not by the evidence." *Osuch* v. *Osuch,* 146 Conn. 90, 92; *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655; *Nixon*

v. *Gniazdowski,* 145 Conn. 46, 52; see Practice Book, 1963, § 989 (3). "The conclusions . . . must be tested by the facts as found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case." *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692; *Klahr* v. *Kostopoulos,* supra. Since no corrections have been allowed in the finding, the conclusions must be tested by the facts found by the court. The court concluded that there was no express contract, that a recovery should be based on an implied contract, and that the plaintiff had failed to establish by a preponderance of the evidence that the implied contract was at the customary brokerage rate in the area. The court therefore concluded that the plaintiff could recover only what the defendant admitted to be due, namely, $250. We find the conclusions to be warranted by the subordinate facts and to be legally and logically supported by those facts, and that there has been no application of an erroneous rule of law.

There is no error.

In this opinion Pruyn and Dearington, Js., concurred.