C and S Distributors of New Haven, Inc. *v.* Max Simon

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-6210-8193

---

632

Argued January 9—reargued June 26—decided September 22, 1967[1]

*Charles A. Sherwood,* of New Haven, for the appellant (plaintiff).

*David W. Skolnick,* of New Haven, for the appellee (defendant).

KINMONTH, J. The plaintiff brought this action to recover for materials and labor furnished to the defendant in repairing roofs of chicken coops. The defendant counterclaimed for damages which he alleged he suffered by reason of the defective manner in which the repairs were made. Judgment was rendered for the defendant on the complaint and for the plaintiff on the counterclaim, and the plaintiff has appealed, assigning error in the court's finding of facts and conclusions, in its failure to correct them, and in its failure to render an affirmative judgment for either or both parties.

In disregard of appellate rules, the plaintiff makes a wholesale attack on the finding and seeks to add its version of the testimony. We are again

[1] The original appeal was argued January 9, 1967, after which this court requested a further finding, and the matter was set down for further hearing on objections to the supplemental finding.

required to criticize such a method of attack as the plaintiff has pursued. Furthermore, the plaintiff has failed to comply with our appellate rules, and its assignments need not be considered. Practice Book §§ 981, 990. The assignment of error addressed to the finding may be reduced to the single question whether the conclusions of the court based on the subordinate facts found may be legally or logically drawn from those facts. *Automobile Ins. Co.* v. *Conlon,* 153 Conn. 415.

The court's finding may be summarized as follows: In or about October, 1961, the plaintiff, through Stanley Simon, one of its principal stockholders and a brother of the defendant, entered into an agreement with the defendant to repair certain chicken coop roofs of the defendant and to furnish the necessary supplies, material and labor. The defendant agreed to pay the fair and reasonable value of such labor and materials. The plaintiff did not substantially perform the agreement, and so much of the agreement as was performed was done in such a negligent, unskilful and dilatory manner that the roof on the largest chicken coop was left open to the elements for approximately two weeks in November, 1961, with the result that snow and rain entered the building, damaging insulation and wetting the bedding for laying chickens, thus injuring the health of many thousands of chickens. Substantial loss and damage were caused to the defendant as a result of the plaintiff's failure to perform the agreement. The benefit or value derived by the defendant from the work done and materials furnished by the plaintiff amounted to $2336.56. The defendant lost 4000 birds valued at 70 cents each, and also sustained other damage, all as the result of plaintiff's failure to perform the agreement, for a total amount of damage of not less than $2800. The loss and damage caused to the defendant as the

result of the unskilled, negligent and dilatory manner in which the work was performed was at least equal to the claimed value of the plaintiff's services and material. The court concluded that there was an agreement and that the plaintiff did not perform its part and was not entitled to recover.

Even with the supplemental finding, which is included in the above facts, it is apparent that the conclusions reached are inconsistent with the relevant facts found. The court finds that the defendant was benefited and yet concludes that the plaintiff is not entitled to recover, without a conclusion as to the exact amount of damage suffered by the defendant. The defendant must prove his counterclaim with the same preponderance of evidence as is required of the plaintiff on its complaint, and damages must be proved with reasonable certainty. *Freda* v. *Smith*, 142 Conn. 126, 136. The judgment of the court was that it "finds the issues for the defendant on the complaint and further finds the issues for the plaintiff on the counterclaim." Yet in the court's finding of facts it purports to find the issues for the plaintiff on its complaint and for the defendant on his counterclaim. The court found there was an agreement and that the plaintiff did not substantially perform it. Recovery is allowed in such cases on the theory of quasi contract—that if recovery were not allowed the other party would be unjustly enriched. *Kelley* v. *Hance*, 108 Conn. 186, 187. Where a recovery is warranted on this theory, it is for the value of the work less the damages attributable to the default. The plaintiff has the burden of proving the value of the part performance, that is, the extent to which his performance enriched the defendant. *Rosnick* v. *Aetna Sheet Metal Works, Inc.*, 146 Conn. 565, 568.

From the finding of facts, the court concluded that there was an agreement but that the plaintiff

did not perform its part of the agreement and is not entitled to recover. The situation thus presented is that the conclusions involved in, and which form the essential basis of, the judgment rendered cannot legally or logically be drawn from the finding as made, which finding supports a judgment for the plaintiff on its complaint and for the defendant on his counterclaim. This is error, for an erroneous conclusion drawn from the subordinate facts is an error of law. *Endut* v. *Borodenko,* 109 Conn. 577, 582; *Lake Garda Improvement Assn.* v. *Battistoni,* 155 Conn. 287, 292. Since the conclusions reached by the trial court are contrary to and inconsistent with the relevant facts found, the judgment cannot be sustained. *Osuch* v. *Osuch,* 146 Conn. 90, 93. Consequently, a new trial is required.

It is therefore unnecessary to discuss the other assignment of error, except to say that a statement in the judgment file to the effect that "the issues" are found for the plaintiff or defendant implies, in the absence of any evidence to the contrary, that all the issues were so found, and is a proper form of judgment. *Sessa* v. *Barney,* 130 Conn. 718, 721. A judgment in a case such as this would have been more satisfactory, however, if it had followed Form 475 of the Practice Book.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion PRUYN and DEARINGTON, Js., concurred.