[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMOARANDUM: RE MOTION TO SET ASIDE
In this case, the plaintiff Leroy Webb, obtained a verdict in the amount of $30,000, after the jury had found him 40% contributarily negligent as the result of a fall on the front steps of defendant Boat U.S.
The plaintiff's claim was that he fell because of a loose bolt on the stairs. There was testimony that the boat was similar to those sold in the defendant's business.
At the hearing on the Motion to Set Aside, the defendant CT Page 1448 relied mainly on the issue of notice, claiming that there was no evidence of knowing the bolt had been on the steps, so, no constructive notice. Secondly, the defendant took issue with the court's instruction that if the defendant failed reasonably to inspect the are in which the plaintiff fell, it could find negligence. The defendant argued tha tot find, the absence of a reasonable inspection, the jury must have first found the presence of the bolt on the steps for a reasonable time prior to the fall. This latter argument is simply not the law. The purpose of the ??? to reasonable inspection is to discover possible defects Klahr v. Kostopoulos 138 Conn. 653. There is no prerequisite that notice of the defect must exist to give rise to the duty to inspect. The purpose is to discover any possible defect.
The issue of notice is of more concern to the court. The court frankly concedes that had this case been tried before it as nonjury case, it would find liability in favor of the defendant.
On questions of fact, however, the court cannot substitute its judgement against that of the jury. On the day in question, the plaintiff testified that in the company of one Harold Boston, he arrived at the defendant's place of business at about 10:00 a.m. After about a half hour, he exited the store carrying a box containing a battery charger which he had purchased in the store in front of him. As he stepped off the first of four steps, he felt something like a bolt or screw rolling under his foot and he fell forward. The bolt was described as having a bit of rust on it. Both Boston and the plaintiff went back into the store and showed the bolt to the assistant manager. The bolt was described as similar to those sold in the defendant's store.
There was testimony on behalf of the defendant that the front steps were swept and cleaned before the store opened and at night when it closed.
Whether there was a reasonable inspection by the defendant was a question of fact for Whether there was a reasonable inspection by the defendant was a question of fact for the jury. What inferences the jury drew from the rust on the bolt were also conclusions the jury had a right to draw. The credibility of the witnesses was within the province of the jury to determine. Based on all these circumstances, the jury could have determined that a reasonable inspection would have disclosed the presence of the bolt on the steps and the length of time it was there, in order CT Page 1449 to find constructive notice.
The motion to set aside is denied.
______________________ BELINKIE, J.R.